PEOPLE v CASH

1. CRIMINAL LAW—IMPEACHMENT—PRIOR CONVICTIONS—PROBATIVE
   VALUE—CREDIBILITY OF DEFENDANT.

   A defendant may not be impeached by reference to prior felony
   convictions carte blanche; instead, the trial court must weigh
   the prejudicial impact on the jury of reference to a prior felony
   conviction against its probative value to the issue of credibility.

2. CRIMINAL LAW—IMPEACHMENT—PRIOR CONVICTIONS—ADMISSIBIL-
   ITY.

   A criminal defendant may be impeached, under proper circum-
   stances, by reference to any prior felony conviction; however,
   prior convictions which are for the same crime should be
   admitted with extreme caution; the more similar the prior
   conviction is to the offense for which the accused is being tried,
   the more hesitant should be the trial judge in allowing its
   admission.

3. CRIMINAL LAW—IMPEACHMENT—PRIOR CONVICTIONS—SIMILAR
   CRIMES—NOT BARRED PER SE.

   Impeachment of a defendant by reference to a prior conviction of
   a crime similar to the crime charged is not barred per se.

4. CRIMINAL LAW—IMPEACHMENT—PRIOR CONVICTIONS—JURY.

   A jury is not put in the objectionable position of thinking "if he
   did it before, he probably did so this time" where, on the
   record, although there may be impeachment by reference to a
   prior conviction for another type of crime, there was no im-
   peachment of the defendant by reference to a prior conviction
   for a similar crime.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 81 Am Jur 2d, Witnesses §§ 571, 572, 582.
[2, 3] 81 Am Jur 2d, Witnesses §§ 582, 594.
[5] 81 Am Jur 2d, Witnesses § 577.
[6] 5 Am Jur 2d, Appeal and Error § 809.
   81 Am Jur 2d, Witnesses § 509.
[7] 75 Am Jur 2d, Trial § 877.
[8] 5 Am Jur 2d, Appeal and Error § 974.

5. Criminal Law—Prior Convictions—Instructions to Jury—Evidence—Credibility—Appeal and Error.

A defendant's conviction should not be reversed because there were references to prior criminal convictions at trial where the trial court instructed the jury that the evidence of a prior criminal conviction could not be considered as evidence of guilt of the crime charged but only could be considered insofar as it affected the defendant's credibility.

6. Appeal and Error—Criminal Law—Trial—Cross-Examination —Failure to Object.

Failure to object at trial to a prosecutor's lengthy cross-examination into the nature of a defendant's prior felony conviction, as a general rule, will preclude appellate review.

7. Criminal Law—Lesser Included Offenses—Instructions to Jury—Requests for Instructions.

Except in first-degree murder cases, failure to instruct the jury on lesser included offenses is not error in the absence of a request to so charge.

8. Appeal and Error—Criminal Law—Sentences—Prior Convictions—Trial Court Consideration.

The Court of Appeals may refrain from considering a claim that a sentence might have been different if the sentencing judge had known that a defendant's previous convictions had been unconstitutionally obtained until the matter is first presented to the trial court.

Appeal from Washtenaw, Patrick J. Conlin, J. Submitted December 7, 1977, at Lansing. (Docket No. 28996.) Decided January 5, 1978.

Billy Cash was convicted of first-degree criminal sexual conduct. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, for the people.

*Hendley & Datsko, P. C.,* for defendant on appeal.

Before: R. B. Burns, P. J., and Allen and R. M. Maher, JJ.

Per Curiam. Defendant was charged with first-degree criminal sexual conduct, MCLA 750.520b(1); MSA 28.788(2)(1), for allegedly forcing the complaining witness at knifepoint to engage in sexual intercourse with him. Following a three-day trial by jury he was found guilty as charged and, on May 13, 1976, was sentenced to a term of 15 to 30 years in prison. He appeals of right asserting four grounds for reversal or remand for resentencing.

The principal ground relied upon for reversal is that the trial court abused its discretion in allowing the prosecutor to impeach the defendant by use of a prior felony conviction for assault with intent to rape. At trial, defendant admitted the intercourse but testified that it was by mutual consent. He further testified that the knife was procured for him by the complaining witness so that he might cut some string to tie a blanket that was in his car. In what was obviously to be a one-on-one confrontation at trial as to whether the complaining witness or the defendant was telling the truth, defense counsel requested a protective order to exclude all references to five prior felony convictions during trial. Four of the prior convictions were for burglary. The trial court ruled that the prosecutor could not use the prior convictions for burglary but that the prior conviction for assault with intent to rape could be used.[1]

A defendant may not be impeached by reference

---

[1] "THE COURT: * * * I certainly wouldn't admit evidence of a narcotics conviction or a marijuana conviction. But here we have a case of assault with intent to rape, and he was convicted of another charge of assault with intent to rape. Any charge that this man is convicted of wherein there is an assault involved, I will allow the prosecutor to go into it because it is my feeling that the triers of fact, the jury, are entitled to decide whom to believe. In this case we have

to prior felony convictions carte blanche. Instead, the court must weigh the prejudicial impact on the jury of reference to a prior felony conviction against its probative value to the issue of credibility. *People v Farrar,* 36 Mich App 294, 301–303; 193 NW2d 363 (1971); *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967); *People v Jackson,* 391 Mich 323, 325; 217 NW2d 22 (1974). But contrary to defendant's contention that impeachment by prior conviction must be limited to crimes directly related to credibility, *viz:* fraud, embezzlement, perjury, false pretenses, impeachment may, under proper circumstances, be based upon *any* prior felony conviction. *People v Payne,* 27 Mich App 133, 134; 183 NW2d 371 (1970), *People v Cantrell,* 27 Mich App 210, 213; 183 NW2d 401 (1970). However, prior convictions which are for the same crime should be admitted with extreme caution. The more similar the prior conviction is to the offense for which the accused is being tried, the more hesitant should be the trial judge in allowing its admission. As the Chief Justice, then Judge Burger, said in *Gordon, supra:*

"A special and even more difficult problem arises when the prior conviction is for the same or substantially the same conduct for which the accused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time'. As a general guide, those convictions which are for the same crime should be

___

the complaining witness and the defendant testifying, and the triers of fact are entitled to know that he has been convicted of another assaultive type of crime, in that case being an identical situation, assault with intent to rape. The trier of fact is entitled to know that before they make their decision. Regarding the other cases of burglary, I do not feel that that has any particular bearing on the charge of rape."

admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity." (Footnote omitted.) *Gordon, supra,* at 347; 383 F2d at 940.

Unfortunately, the trial court in the instant case, though properly recognizing that it had discretion in the matter, appears to have exercised that discretion upside down in admitting the prior conviction because it was similar to the offense for which the defendant was charged.[2]

Nevertheless, we do not find error. *First,* even *Gordon, supra,* does not *per se* bar every impeachment by a prior similar conviction. In *People v Townsend,* 60 Mich App 204, 206; 230 NW2d 378 (1975), this Court allowed impeachment of a defendant on trial for breaking and entering an occupied dwelling with convictions of two crimes of the same kind. As stated by the Court:

"While it is true the offenses were similar to the one for which defendant was on trial, this alone does not *require* their exclusion. We find no error." *Townsend, supra,* at 206.

*Second,* and more importantly for disposition of this cause, defendant was not impeached by a prior conviction of assault with intent to rape. Instead, defendant was impeached on cross-exami-

---

[2] In the past, this panel has noted several instances when trial courts and counsel have similarly misinterpreted *Farrar* and *Jackson* and *Gordon. See also People v Osteen,* 46 Mich App 409, 419–20; 208 NW2d 198 (1973), *dismissed as moot,* 390 Mich 760 (1973), wherein this Court seems to have made a similar mistake. We believe that the confusion is traceable to prior contrary Michigan law—*see People v Simard,* 314 Mich 624; 23 NW2d 106 (1946)—and to the manner in which *Gordon* was paraphrased in *Farrar* and *Jackson.* The original opinion in *Gordon* should be consulted for clarification.

nation by his own admission to pleading guilty to an assault (by shooting) on a girl in the front seat of his automobile. Defendant denied that he pled guilty to a sexual assault and explained that the shooting was accidental. When the prosecution then sought to call a detective for the purpose of testifying that defendant had told him he had pled guilty to assault with intent to rape, the trial court sustained defense counsel's objection that a defendant could not be impeached on a collateral matter. The witness was never called and the matter was dropped. Thus, on the record there was no impeachment by a prior sexual assault. The jury was never put in the position found so objectionable in *Gordon, supra,* that "if he did it before, he probably did so this time". *Third,* in instructing the jury, the trial court charged that the evidence of a prior criminal conviction could not be considered by the jury as evidence of guilt of the crime charged but only could be considered insofar as it affected the defendant's credibility.

Defendant's remaining claims of error[3] are of less importance and are rejected on sound grounds. No objection was made to the prosecutor's cross-examination of defendant on this question of the nature of the prior conviction and when objection was finally made it was sustained. *People v Council,* 36 Mich App 682, 686; 194 NW2d 34 (1971), is distinguishable since there the cross-examination extended beyond the prior offense and, by reference, sought to bring in an FBI report. Except in first-degree murder cases, failure to

---

[3] (1) It was error for the prosecutor to cross-examine at length into the nature of the prior felony conviction.

(2) It was error for the trial court to omit to instruct on the lesser included offense of criminal sexual conduct in the second degree.

(3) It was error for the sentencing court to consider a conviction for which the defendant was not represented by counsel and was indigent.

charge on lesser included offenses is not error in the absence of a request to so charge. *People v Henry,* 395 Mich 367, 374; 236 NW2d 489 (1975), *People v Combs,* 69 Mich App 711, 717; 245 NW2d 338 (1976). The sentencing transcript suggests the trial court did not consider the prior Georgia conviction in imposing sentence; but assuming *arguendo,* that the court did so consider it, defendant has failed to follow the post-sentencing relief procedure mandated for a *Tucker*-type hearing.[4] In *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974), the Supreme Court held that the Court of Appeals may refrain from considering a *Tucker* claim until the matter is first presented to the trial court. Defendant has not followed that procedure.

Affirmed.

---

[4] *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972).