PEOPLE v DENNY

Docket No. 30812. Submitted April 12, 1978, at Lansing.—Decided
September 21, 1978.

John Denny was convicted of first-degree criminal sexual conduct
and armed robbery in the Washtenaw Circuit Court, Patrick J.
Conlin, J. Defendant appeals, claiming that the trial court
improperly exercised its discretion in allowing the prosecutor to
use a three-month-old guilty plea conviction for first-degree
criminal sexual conduct to impeach the defendant. *Held:*

The proper rule is that, while similar crimes evidence is
admissible for impeachment, such evidence should be admitted
with extreme caution. The factors to be considered in admitting
such evidence are the nature of the prior offense, whether it is
for substantially the same conduct for which the accused is on
trial, and the effect on the decisional process if the accused does
not testify from fear of impeachment by prior convictions. The
trial court erred in admitting the prior conviction because it
was similar to the crime charged. Similarity between the crime
charged and the prior conviction weighs against admission of
the prior conviction because of the possibility that the jury
might conclude that if the defendant had done it before, he did
it this time. The application of this erroneous standard cannot
be deemed harmless because it may have influenced defend-
ant's decision not to testify.

Reversed and remanded.

1. Criminal Law—Evidence—Admissibility of Evidence—Impeach-
ment—Prior Convictions—Abuse of Discretion.

The factors a trial court must weigh in deciding whether or not
to allow impeachment of a defendant in a criminal case by
evidence of prior convictions are the nature of the prior offense,

References for Points in Headnotes

[1, 2, 4] 29 Am Jur 2d, Evidence §§ 320, 327.

[3] 5 Am Jur 2d, Appeal and Error § 880.

[4] 29 Am Jur 2d, Evidence § 321.
   Admissibility, in prosecution for sexual offense, of evidence of other
   similar offenses. 77 ALR2d 841.

[5] 63 Am Jur 2d, Prosecuting Attorneys §§ 25, 27.

whether it is for substantially the same conduct for which the accused is on trial, and the effect on the decisional process if the accused does not testify from fear of impeachment by prior convictions.

2. Criminal Law—Evidence—Admissibility—Similar Crimes—Impeachment.

Similar crimes evidence is admissible in a criminal trial for impeachment purposes, however, such evidence should be admitted with extreme caution.

3. Trial—Court's Discretion—Prejudice—Errors.

An erroneous exercise of discretion by a trial judge is as prejudicial to a defendant as not exercising discretion.

4. Appeal and Error—Criminal Law—Court's Discretion—Evidence—Prior Convictions—Criminal Sexual Conduct—Impeachment—Harmless Error—Testimony by Defendant—Jury.

A trial court erred in improperly exercising its discretion in admitting evidence of a defendant's prior conviction of first-degree criminal sexual conduct to impeach the defendant in a trial for first-degree criminal sexual conduct and armed robbery where the trial court indicated that the conviction could be used for impeachment because it was identical to the crime charged; similarity between the crime charged and the prior conviction weighs against admission of the prior conviction because of the possibility that the jury might conclude that if the defendant had done it before, he did it this time; application of this erroneous standard cannot be deemed harmless where it may have influenced the defendant's decision not to testify.

5. District and Prosecuting Attorneys—Officers of the Court—Duties—Reversible Error.

A prosecutor, as an officer of the court, has a duty to see that apparent reversible error is not committed, even if the error is favorable to his case.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, Chief Appellate Division, for the people.

*Norman Fell,* for defendant.

Before: DANHOF, C.J., and BRONSON and CYNAR, JJ.

PER CURIAM. Defendant was found guilty by a jury of first-degree criminal sexual conduct, MCL 750.520b(1)(d); MSA 28.788(2)(1)(d), and armed robbery, MCL 750.529; MSA 28.797. He appeals of right.

One issue raised by defendant mandates reversal.

Defense counsel moved at trial to prevent the prosecutor from using a three-month-old guilty plea conviction for first-degree criminal sexual conduct to impeach defendant. The trial court correctly recognized its discretion in this area, see *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). See, also, MRE 609(a). However, the discretion was improperly exercised, *i.e.,* the trial court indicated that the conviction could be used to impeach because it was *identical* to the crime charged.[1]

Some guidelines for exercising discretion were detailed in *People v Jackson, supra,* at 333:[2]

---

[1] The court stated:

"*The Court:* The motion is denied. He is charged at this time with criminal sexual conduct, and any charge that is similar, the prosecution may go into it for the question of credibility. The jury is entitled to hear this because they have to determine credibility. Motion denied.

\* \* \*

"*The Court:* But anyway, the jury is entitled to know this. The law is very clear. If he takes the stand, the prosecution can go into his past record—not regarding any dissimilar crimes, which I never allow —but of similar crimes of a similar nature, the jury can hear them. The motion is denied. Next?"

[2] These guidelines were derived from Judge (now Chief Justice) Burger's opinion in *Gordon v United States, infra,* at 347; 383 F2d at 940, where he stated:

"A special and even more difficult problem arises when the prior

"Among the factors to be considered are the nature of the prior offense, whether it is for substantially the same conduct for which the accused is on trial, and the effect on the decisional process if the accused does not testify from fear of impeachment by prior convictions." (Footnote omitted.)

See *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967). This paraphrasing has apparently caused some confusion about the admissibility of similar crimes for impeachment purposes. See *People v Cash,* 80 Mich App 623, 627, n 2; 264 NW2d 78 (1978). The proper rule is that, while similar crimes evidence is admissible for impeachment, such evidence should be admitted with "extreme caution". *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978), *People v Cash, supra.*

The trial judge's error in the case at bar was identical to the error in *Cash:* discretion was exercised, but the trial court erroneously thought that *similar* crimes were generally admissible while dissimilar crimes were not. An erroneous exercise of discretion is as prejudicial to a defendant as not exercising discretion. We hold that the trial court erred in ruling on the admissibility of defendant's prior conviction.[3]

---

conviction is for the same or substantially the same conduct for which the accused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time'. As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity." (Footnote omitted.)
*See Luck v United States,* 121 US App DC 151; 348 F2d 763 (1965).

[3] Upon retrial, if this issue arises again, the trial court should exercise its discretion in accordance with *People v Jackson, supra. See People v Crawford, supra.*

We further hold that this error cannot be deemed harmless.

First, it is immaterial that defendant chose not to testify after the court ruled that the conviction was admissible to impeach, because the ruling itself may have influenced defendant's decision not to testify. *People v McCartney,* 60 Mich App 620; 231 NW2d 472 (1975).

Second, while a similar error was held harmless in *People v Cash, supra,* in that case the defendant denied being convicted of the similar crime and no collateral proof was introduced. Thus, the Court noted, there was no possibility of the jury concluding that "if he did it before, he probably did so this time". See *People v Cash, supra,* at 628. In the case at bar, the court's ruling raised that precise problem. Thus, the error was not harmless.

We also note that the prosecutor must share responsibility for this error. The prosecutor, as an officer of the court, has the duty to see that apparent reversible error is not committed, even if the error is favorable to his case. As stated in *ABA Standards Relating to the Prosecution Function and the Defense Function,* 1.1(c) (Approved Draft, 1971): "The duty of the prosecutor is to seek justice, not merely to convict". As an officer of the court and a law enforcement official, the prosecutor must act not only as the sword of justice but also as the shield of justice. If the prosecutor recognizes that error is being committed, it is his duty to seek its immediate correction. A failure to exercise this duty results in costly and time-consuming retrials which could have been avoided.

Reversed and remanded for a new trial.