### PEOPLE v BATES

Docket No. 78-2108. Submitted November 19, 1979, at Lansing.—
    Decided January 3, 1980. Leave to appeal denied, 408 Mich 933.
  James E. Bates was convicted of delivery of heroin, St. Clair
    Circuit Court, Halford I. Streeter, J. Defendant appeals, alleg-
    ing that evidence of a prior conviction for delivery of heroin
    was erroneously admitted. *Held:*

  1. The evidence of the prior offense was properly admitted as
  part of the prosecution's case in chief to show the defendant's
  plan, motive, or scheme.

  2. The trial court erred by ruling that the evidence of the
  prior offense was admissible for impeachment purposes. Ordi-
  narily, this error would require that the conviction be reversed
  and a new trial be ordered. However, because the evidence was
  properly admissible under the similar acts statute a remand for
  a new trial would serve no useful purpose.

  Affirmed.

1. CRIMINAL LAW — EVIDENCE — PRIOR BAD ACTS — STATUTES.

  Evidence of a defendant's prior similar acts is admissible as part
    of the prosecution's case in chief to show the defendant's plan,
    motive, or scheme only where: (1) substantial evidence shows
    that the defendant actually committed the prior bad act, (2)
    some special circumstance about the act sought to be intro-
    duced tends to prove one of the statutory items of the case at
    bar, (3) the evidence is material, probative of a matter at issue,
    and (4) even if these requirements are met, the probative value
    of the evidence must be greater than its prejudicial effect (MCL
    768.27; MSA 28.1050).

2. CRIMINAL LAW — EVIDENCE — PRIOR OFFENSE — IMPEACHMENT —
    SIMILAR OFFENSES.

  Evidence of a prior offense may generally be introduced for
    purposes of impeachment of a defendant; however, the similar-
    ity of the prior offense to that for which the defendant is being

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 298 *et seq.,* 320 *et seq.*
[2] 29 Am Jur 2d, Evidence § 320.

tried is a factor against admission of the evidence, and the more similar the acts are the greater is the weight against admission of the evidence of the prior offense.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: ALLEN, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

ALLEN, P.J. Following a trial by jury on January 21, 1978, on charges of delivery of heroin contrary to MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), defendant was found guilty as charged. On January 24, 1978, he was sentenced to prison for a term of 10 to 40 years and appeals of right, raising seven grounds for reversal. Of these, two merit our careful review.

On January 21, 1976, an undercover state police officer and defendant met in room 9 at the Serenade Motel in Port Huron. There, the officer requested defendant to sell him a spoon of heroin. Later that day the two met again at the motel at which time defendant informed the officer the drug would cost $65. The officer gave defendant four $20 bills and the two agreed to meet later at the Red Shingle Bar. While waiting at the bar the officer was approached by a Ms. Parmann who gave the officer a tinfoil packet and $15 in change. The officer then drove Ms. Parmann back to the Serenade Motel. Defendant exited from room 9 and told the officer the heroin would be of satisfac-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tory quality. The alleged sale on January 21, 1976, was the second heroin sale made by defendant to the officer. The previous sale was on December 12, 1975. On that sale, defendant was convicted by jury in March, 1977. It is the introduction of evidence of the first sale of heroin and defendant's conviction thereunder which are the principal basis for appeal.

After the jury had been selected, defense counsel moved *in limine* to exclude evidence of three prior convictions from admission for impeachment purposes.[1] Counsel stated that the court's ruling on the motion would determine whether his client would or would not testify in his own defense. The court excluded the 1961 conviction as "too far back" and excluded the 1972 conviction as not "related". As to the 1977 conviction the transcript discloses the following:

"MR. COOLEY *[prosecutor]:* May I answer the other one as to Mr. Bates' other convictions in 1976—no, that was 1977, his conviction from a 1976 delivery.

"Your Honor, this case is a little different. This is not going to be used. I am going to put evidence of that particular case into evidence in my case in chief, and that is going to be used to show the intent of Mr. Bates to deliver heroin to Trooper Maddox.

\* \* \*

"Well, your Honor, for this particular conviction, there are two grounds which it may be introduced into evidence on. One is for impeachment purposes if Mr. Bates takes the stand; and number two, which must be put in the People's case in chief, to show plan, motive, scheme or intent, under the like and similar acts. So, evidence of that crime may be put in for dual purposes.

"MR. FOSTER *[defense attorney]:* Again, your Honor,

---

[1] The three prior convictions were: (1) 1961 conviction for unarmed robbery; (2) 1972 conviction for felonious assault; (3) conviction in 1977 for the delivery of heroin December 12, 1975.

I would have separate objections if he wishes to intro-
duce evidence of that conviction into his case in chief;
but I think, to me, that's premature. That's a separate
topic to be taken up if and when he would so intend. If
your Honor wishes to make a ruling at this time—well,
I don't really believe the Court can, but the law on that
in Michigan was *People v Spillman,* 63 Mich App 256,
1975, which said that similar acts must be—they must
be relevant to what is sought to be proved by the
prosecutor.

\* \* \*

"MR. COOLEY: Your Honor, there is also—it is also
used to show plan, motive, scheme, modus operandi,
which is also material in this particular case since Mr.
Bates did not directly deliver the heroin, as in both
cases, to Trooper Maddox. In this case it was delivered
by Brenda Parmann; and it's the People's contention
that it was under the direction of Mr. Bates; and also in
the other case in which he has been convicted, he did
not personally hand the heroin to Trooper Maddox, but
placed it outside a post of the Red Shingle Bar and
directed Trooper Maddox to that location. We are talk-
ing about the same locations, the Serenade Motel and
the Red Shingle, the same type of drug to the same
undercover police officer.

"THE COURT: I think it's admissible as a similar act
and showing the regular course of conduct. I won't pass
on the impeachment at this time until we get there.

"MR. FOSTER: If it please the Court, your Honor, we
would certainly request a ruling at this stage because it
could very definitely have an effect on whether or not
Mr. Bates would take the stand in this case.

"THE COURT: That other offense was in 1977, the
conviction. It's very similar. If he does take the stand
he will no doubt deny that he knew it was heroin or
deny that it was delivered or deny one of those four
elements. In either case, I think it would be proper to
bring out the prior offense to test his credibility. I will
so rule."

We find no error in the trial court's ruling that
evidence of defendant's December, 1976, delivery

of heroin was admissible as part of the people's case in chief to show plan, motive, or scheme. The Michigan similar acts statute, MCL 768.27; MSA 28.1050, permits evidence of similar acts to be introduced under certain conditions. A threshold condition is that evidence of the prior act be material to the case at hand. *People v Kraai,* 92 Mich App 398; 285 NW2d 309 (1979). Because defense counsel in the instant case argued that the delivery was not made by defendant but was made by Ms. Parmann, evidence of an agreement to sell followed by nonpersonal delivery was admissible.

But even if the threshold requirement of materiality is met, evidence of prior similar acts is not admissible unless:

"(1) substantial evidence must show that the defendant actually committed the bad act; (2) some special circumstance about the act sought to be introduced tends to prove one of the statutory items; (3) the evidence is material, *i.e.,* is probative of a matter 'in issue'; and (4) even if all three of the above are satisfied, the trial court must still weigh the evidence's probative value against its prejudicial effect before deciding whether to admit it. *People v Ernest Smith,* 87 Mich App 18, 22; 273 NW2d 573 (1978).

*People v Wilkins,* 82 Mich App 260, 267-268; 266 NW2d 781 (1978). See *People v Oliphant,* 399 Mich 472, 488; 250 NW2d 443 (1976). In the instant case, requirements (1) and (2) are obviously met. Whether requirement (3) is satisfied depends upon the degree of similarity of the prior act to the offense for which defendant is tried. *Oliphant, supra,* 484-488, *People v Kelly,* 386 Mich 330, 334; 192 NW2d 494 (1971), *People v Jones,* 83 Mich App 559, 565; 269 NW2d 224 (1978). In the instant case the similarities are striking. There is (1) identity of the officer and the defendant; (2) iden-

tity of the drug; (3) identity of the place and the room; (4) identity of the place where the negotiations took place; (5) identity of the place where the officer awaited delivery—the Red Shingle Bar; (6) identity of the location where delivery finally took place—in front of the bar; (7) in both cases the defendant avoided delivering the heroin.[2] We find the similarities sufficient to allow the evidence. As in *Oliphant,* where evidence of prior acts establishing a pattern by which defendant could avoid detection was allowed in evidence, so, too, in the instant case, evidence of prior acts disclosing that defendant had devised a system for delivering heroin which would protect him from prosecution is allowable in evidence. Introduction of the similar act testimony enabled the prosecution to`prove that the defendant intended to deliver even though in neither case did he personally hand over the drug, see *People v Nieves,* 92 Mich App 613; 285 NW2d 389 (1979).

While no specific reference was made by the trial judge on the question of the prejudicial effect of the prior act evidence, it is clear to us that he clearly recognized that he had discretion and, in exercising that discretion, considered the matter of possible prejudice.

We turn now to the second issue. Did the trial court err in ruling that the 1977 conviction for the 1976 offense of delivery of heroin could be used for impeachment purposes? Defendant argues that error was committed since the court, by stating the conviction was "similar", applied the rule in reverse or "upside down". We agree with defendant. This Court and the Supreme Court have

---

[2] In the first case the officer testified he obtained the drugs from behind a post in front of the front entrance of the Red Shingle Bar and that he was directed to that location by defendant who directed him from a point about five feet away.

uniformly found error where the trial court, in determining whether to admit evidence of a prior conviction, concludes that the similarity of the prior offense and the offense for which defendant is being tried is a factor in favor of admitting the prior conviction. The first case raising the issue was *People v Cash,* 80 Mich App 623, 626, 627; 264 NW2d 78 (1978). There, we said:

"However, prior convictions which are for the same crime should be admitted with extreme caution. The more similar the prior conviction is to the offense for which the accused is being tried, the more hesitant should be the trial judge in allowing its admission.

\* \* \*

"Unfortunately, the trial court in the instant case, though properly recognizing that it had discretion in the matter, appears to have exercised that discretion upside down in admitting the prior conviction because it was similar to the offense for which the defendant was charged."

Subsequent cases reached the same conclusion. *People v Denny,* 86 Mich App 40, 43; 272 NW2d 332 (1978), *People v Green,* 86 Mich App 142, 147; 272 NW2d 216 (1978), *People v Oliver,* 90 Mich App 144, 148; 282 NW2d 262 (1979), *People v Baldwin,* 405 Mich 550, 553; 275 NW2d 253 (1979).

Having determined that the trial court's action was error, we still must decide whether the error was harmless. In *Cash, supra,* we held the error harmless but our position was subsequently reversed by the Supreme Court, and a new trial was ordered.[3] *Oliver* did not order a new trial per se

---

[3] "In lieu of leave to appeal, we reverse the judgments of the Court of Appeals and the Washtenaw Circuit Court and *remand to the Washtenaw Circuit Court for a new trial.* The trial judge erred in treating the similarity of defendant's prior conviction as a factor to be weighed in favor of allowing the conviction [to be] used for impeachment. *People v Baldwin,* 405 Mich 550 (1979)." (Emphasis supplied.) *People v Cash,* 406 Mich 930 (1979).

but instead remanded to the trial court to decide on redetermination whether evidence of the prior conviction should be suppressed. *Denny, Green* and *Baldwin* were remanded for new trials.

Given the clear declaration by the Supreme Court in *Cash* and *Baldwin* that the cause should be remanded for a new trial, we would ordinarily reverse and order a new trial. But in view of the unique factual situation where prior acts took place which, as we have held in issue I, may properly be admitted in evidence, we conclude remand is unnecessary. Under the similar acts doctrine, not only may testimony be introduced regarding defendant's prior delivery of heroin in front of the Red Shingle Bar but, in addition, evidence of defendant's conviction for said offense may be introduced.

"The prosecutor is correct in his argument that, even if particular convictions are not admissible for impeachment purposes, if the factual basis behind these convictions falls within the confines of MCL 768.27; MSA 28.1050, they may be introduced by the prosecution as substantive evidence." *People v Renno,* 392 Mich 45, 56; 219 NW2d 422 (1974).

What useful purpose is served in remanding for a new trial at which the court would determine whether evidence of the prior conviction is admissible for impeachment if, as we have already held, evidence of the prior conviction is admissible as part of the case in chief under the similar acts statute? We see none, even though the purposes for which the jury could consider the prior conviction differ where evidence of the conviction is admitted as part of the case in chief or admitted on cross-examination for impeachment purposes.[4]

The remaining issues raised by defendant have

---

[4] Under the similar acts statute the jury is instructed that evidence

been carefully considered and no error has been found.[5]

Affirmed.

---

tending to show that defendant was guilty of a prior offense can only be considered by them for a limited purpose or purposes. *People v Rice,* 206 Mich 644, 658; 173 NW 495 (1919), *People v Chism,* 390 Mich 104, 120; 211 NW2d 193 (1973). In the case at bar, those purposes include that defendant specifically intended to deliver heroin through an agent, *People v Bullock,* 173 Mich 397, 410; 139 NW 43 (1912), or that his acts were the result of a characteristic scheme, plan or system he had used before. *People v Anderson,* 13 Mich App 247, 250; 163 NW2d 793 (1968). In contrast, evidence of defendant's prior conviction admitted on cross-examination may be considered by the jury only insofar as it may affect defendant's credibility as a witness. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), *People v Renno, supra.* Nonetheless, if evidence of the particular convictions is not admissible for impeachment purposes, but is admissible under the similar acts statute, then such evidence is still admissible, *People v Renno, supra.*

[5] Issue VI pertains to the claim that defendant was improperly sentenced under the supplementation provision of the Controlled Substances Act, MCL 335.348; MSA 18.1070(48), because defendant's second offense occurred prior to defendant's first conviction under the act. This claim was rejected in *People v McFadden,* 73 Mich App 232; 251 NW2d 297 (1977).