PEOPLE v BAKER #2

Docket No. 47165. Submitted November 12, 1980, at Lansing.—Decided February 17, 1981. Leave to appeal applied for.

Archie D. Baker was convicted of criminal sexual conduct in the first degree following a jury trial in Livingston Circuit Court, Paul R. Mahinske, J. At trial, the court permitted the prosecution to introduce the testimony of three women other than the victim in the present case to the effect that the defendant had sexually assaulted them under circumstances similar to the sexual assault being considered at bar. The trial court also permitted the prosecution to use the defendant's prior convictions for the purpose of impeachment. The trial court refused the defendant's motion for a directed verdict of acquittal on the charge of criminal sexual conduct in the first degree and refused to give defendant's requested jury instruction on the criminal sexual conduct in the fourth degree, although an instruction on criminal sexual conduct in the third degree was given. At the sentencing hearing, the trial court proceeded with sentencing without first making some determination with respect to the defendant's objection as to the accuracy of a certain statement in the presentence report. Defendant appeals. *Held:*

1. There was sufficient evidence to support the submission to

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 4.
   65 Am Jur 2d, Rape § 88.
[2] 29 Am Jur 2d, Evidence § 322.
   65 Am Jur 2d, Rape § 71.
   Remoteness in time of other similar offenses committed by accused as affecting admissibility of evidence thereof in prosecution for sex offense. 88 ALR3d 8.
[3] 21 Am Jur 2d, Criminal Law § 368.
[4] 5 Am Jur 2d, Appeal and Error § 774.
[5, 6] 65 Am Jur 2d, Rape § 110.
   75 Am Jur 2d, Trial §§ 876, 879.
[6] 5 Am Jur 2d, Appeal and Error § 815.
[7] 5 Am Jur 2d, Appeal and Error § 801.
   29 Am Jur 2d, Evidence §§ 320, 321, 327.
[8] 21 Am Jur 2d, Criminal Law §§ 533, 569.

the jury of the charge of criminal sexual conduct in the first degree, even if the personal injury definition of the criminal sexual conduct statute is construed to require a showing of extreme mental anguish.

2. The trial court properly admitted into evidence the testimony relative to defendant's prior similar acts, since, in each instance, those prior acts were undertaken in the same distinctive fashion as was used in the case at bar and that evidence was material to the question of identification.

3. The Court of Appeals cannot say that the trial court abused its discretion in determining that the photographic showups and corporeal lineup were not so unnecessarily suggestive or conducive to irreparable mistaken identification as to deny the defendant due process of law.

4. While criminal sexual conduct in the fourth degree is not a necessarily included offense of criminal sexual conduct in the first degree, the trial court erred in refusing to instruct the jury on criminal sexual conduct in the fourth degree, since, under the proofs presented, criminal sexual conduct in the fourth degree was a factually included offense. That error, however, was harmless error since the jury was instructed as to criminal sexual conduct in the third degree and, nevertheless, found the defendant guilty of the charged offense of criminal sexual conduct in the first degree.

5. While the trial court misapplied the test for determining the admissibility of evidence of the defendant's prior convictions, that error is harmless error, since evidence of the defendant's prior criminal activities had already properly been admitted pursuant to the similar acts doctrine in the prosecution's case in chief.

6. The trial court failed to properly exercise its discretion by failing to proceed to resolve in some manner the problem created by defense counsel's objection to the accuracy of the presentence report. The trial court should have either held an evidentiary hearing relative to the accuracy of the disputed statement in the presentence report or determined that the disputed information was not relevant to the court's determination of the proper sentence. A remand for resentencing is mandated.

M. J. KELLY, J., disagreed that criminal sexual conduct in the fourth degree is a factually included offense of criminal sexual conduct in the first degree under the facts in this case. He further would hold that the failure of the trial court to respond

to defense counsel's objections to the presentence report was harmless error beyond a reasonable doubt.

Conviction affirmed, but remanded for resentencing.

1. CRIMINAL LAW — EVIDENCE — CRIMINAL SEXUAL CONDUCT — MENTAL ANGUISH — EXTREME MENTAL ANGUISH — SUFFICIENCY OF EVIDENCE.

Sufficient evidence is presented to support a finding of personal injury under the first-degree criminal sexual conduct statute, even if that statute's reference to mental anguish is construed to mean extreme mental anguish, where, as a result of the trauma suffered by the victim by reason of the sexual assault, the victim was unable to return to work for some time and then only to another job (MCL 750.520b[1][f]; MSA 28.788[2][1][f]).

2. CRIMINAL LAW — EVIDENCE — PRIOR SIMILAR ACTS.

Evidence that a defendant on trial for criminal sexual conduct committed prior acts of criminal sexual conduct in the same distinctive fashion as was employed in the act at issue is properly admitted under the similar acts statute where such evidence is material to the question of identification.

3. CRIMINAL LAW — PHOTOGRAPHS — LINEUP.

The requirement of a corporeal lineup is not extended to a pre-custody, pre-questioning, mere suspicion phase of an investigation.

4. APPEAL — CRIMINAL LAW — IDENTIFICATION — COURTS — DISCRETION.

The Court of Appeals will not reverse a trial court's determination that a photographic showup and a corporeal lineup were properly conducted so as to result in no prejudice to the defendant where the Court of Appeals cannot say that the trial court abused its discretion in determining that such showup and lineup were not so unnecessarily suggestive or conducive to irreparable mistaken identification as to deny the defendant due process of law.

5. CRIMINAL LAW — OFFENSES — CRIMINAL SEXUAL CONDUCT — LESSER INCLUDED OFFENSES — JURY INSTRUCTIONS.

Criminal sexual conduct in the fourth degree is not a necessarily included offense of criminal sexual conduct in the first degree; however, it is error for a trial court to refuse to charge a jury as to criminal sexual conduct in the fourth degree where that offense is a factually included offense of criminal sexual conduct in the first degree.

6. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFEN-
   SES — HARMLESS ERROR.

   Any error on the part of a trial court in refusing to instruct a
   jury on criminal sexual conduct in the fourth degree, where
   that offense is a factually included offense of the charged
   offense of criminal sexual conduct in the first degree, is harm-
   less error where the jury is instructed on criminal sexual
   conduct in the third degree and the jury returns a verdict of
   guilty to the charged offense of criminal sexual conduct in the
   first degree.

7. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR SIMILAR
   ACTS — HARMLESS ERROR.

   Any error by a trial court in its exercise of its discretion relative
   to the admission of evidence of a defendant's prior criminal
   record for impeachment purposes is harmless error where
   evidence of the defendant's prior criminal activities has already
   been properly admitted in the prosecution's case in chief under
   the similar acts doctrine.

8. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT — DIS-
   PUTED INFORMATION.

   A remand for resentencing is mandated where, after an objection
   has been made relative to the accuracy of statements in the
   presentence report, a trial court proceeds with sentencing
   without first either determining the accuracy of the statements
   in the report or ascertaining that the disputed material is not
   relevant to the court's determination of the proper sentence.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Frank R. Del
Vero,* Prosecuting Attorney (by *Thomas C. Nelson,*
Assistant Attorney General, Prosecuting Attorneys
Appellate Service), for the people.

*P. E. Bennett,* Assistant State Appellate De-
fender, for defendant on appeal.

Before: M. J. KELLY, P.J., and ALLEN and C. L.
HORN,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

ALLEN, J. On June 6, 1979, defendant was convicted by a jury in Livingston County Circuit Court of first-degree criminal sexual conduct in violation of MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). Defendant was sentenced to 40 to 60 years imprisonment and appeals as of right.

On June 24, 1978, defendant allegedly sexually assaulted a maid at the Holiday Inn in Howell. The maid was alone cleaning a room in the hotel when defendant entered the room, exposed himself, grabbed the maid around the neck and threatened to kill her if she did not do what he wanted. Defendant then forced the maid to have sexual intercourse with him and, after warning her to remain in the room, fled. An alert was sent throughout the Holiday Inn communications system warning of an individual with defendant's description who had been approaching women who were alone in various hotels across the state.

On September 26, 1978, approximately three months after the incident which is the basis of the present litigation, defendant approached a maid at the Farmington Holiday Inn. However, the maid recognized defendant from the description contained in the Holiday Inn communications system alert and blew a warning whistle which she had been issued. Defendant was then observed fleeing the hotel. With this information, the police were able to include defendant among the suspects in the case. Defendant was thereafter identified from a photographic showup on September 29, 1978, by the present victim and arrested the next day. Defendant was brought to trial. His defense was alibi. Defendant claimed to be home with his brother on the date of the present incident. Defendant was convicted and raises several issues on appeal, which will be dealt with *seriatim.*

First, defendant claims there was not sufficient evidence presented on the element of personal injury in first-degree criminal sexual conduct (CSC) to justify submitting the charge to the jury. Although defendant concedes that the evidence indicates that the victim had a sore neck and was upset after the incident, he claims that being upset and having a sore neck are not severe enough to constitute the personal injury needed to elevate third-degree CSC to first-degree CSC. Defendant relies largely on the recent case of *People v Gorney,* 99 Mich App 199; 297 NW2d 648 (1980). The *Gorney* panel held that the personal injury component of mental anguish must involve "extreme" or "serious" mental anguish. While this panel may or may not agree with the *Gorney* panel in finding a clear and cogent reason for giving the statute in question a construction the Legislature plainly refused to give,[1] this panel need not reach that decision. The *Gorney* rationale held that the factors which may establish "extreme" mental anguish sufficient to justify a conviction:

[1] The legislative intent of the present statute is apparent from its legislative history. The original Senate Bill (SB 1207) used the terms "serious personal injury" and "extreme mental anguish". The initial House substitute for SB 1207 eliminated the adjective "serious" from personal injury and changed "extreme mental anguish" to "severe mental anguish". Later, the word "severe" was struck from the bill and an amendment to reinsert this term was defeated. Therefore, the clear legislative intent was that any personal injury or any mental anguish suffice. This is noted in *People v Gorney, supra,* 207, fn 5.

*People v Adamowski,* 340 Mich 422, 429; 65 NW2d 753 (1954), holds that courts should not, without clear and cogent reason, give a statute a construction the Legislature plainly refused to give. Although this is not the appropriate case to consider the void for vagueness argument raised by defendant since the present case meets the *Gorney* "extreme" mental anguish standard, this Court notes that: (1) not all third-degree CSC involves mental anguish, *e.g.,* consensual sexual intercourse with a person who is at least 13 years of age and under 16 years of age, and (2) prosecutorial discretion with regard to the crime charged arising out of the same conduct has withstood constitutional attack, *e.g.,* larceny in a building versus shoplifting.

"* * * may include the need by the victim for psychiatric care or some interference in the victim's ability to conduct a normal life, *such as absence from the workplace.*" *Gorney, supra,* 207. (Emphasis supplied.)

In the present case, the victim testified that, as a result of the trauma she suffered, she did not go back to work for some time and that, when she was able to return to work, it was at another job. Even under the *Gorney* rationale, these facts are sufficient to justify the submission of first-degree CSC to the jury.

Defendant's second claim of error is that the trial court improperly admitted similar acts testimony. Three witnesses testified. The first was a maid at the Holiday Inn in Ann Arbor. She testified that while alone in the hotel cleaning a room, defendant entered the room, grabbed her around the neck, threatened her, and then made her have sexual intercourse with him. Afterwards, defendant fled. The second witness was a guest at the Ann Arbor Campus Inn. She testified that while alone in the hotel, in the women's sauna, defendant entered the room with a knife, threatened her, and then made her have sexual intercourse with him. Afterwards, defendant fled. The third witness was a maid at the Troy Hilton Inn. She testified that while alone in the hotel cleaning a room, defendant entered the room, grabbed her around the neck, threatened her, and attempted to have sexual intercourse with her. The witness's struggling prevented defendant from achieving penile penetration. Afterward, defendant fled.

Defendant claims the trial court erred in applying the similar acts factors set out in *People v Major,* 407 Mich 394, 398-399; 285 NW2d 660 (1979). These factors were set forth as follows:

"The evidential process by which similar acts evidence is properly introduced involves direct proof of three propositions from which a fourth is inferable and thus proved circumstantially. They are:

"1) that the manner in which the criminal act in question or some significant aspect of it was performed bore certain distinguishing, peculiar or special characteristics;

"2) that certain specific similar acts, performed contemporaneously with or prior to or subsequently to the act in question, bore the same distinguishing, peculiar or special characteristics;

"3) that the similar acts were performed by the defendant; and

"4) that, accordingly, the crime in question was committed by the defendant.

"It is the distinguishing characteristics which constitute the acts as similar within the meaning of MCL 768.27 [MSA 28.1050] and MRE 404(b), not the fact that all constitute the same crime or are violative of the same statute. The distinguishing, peculiar or special characteristics which are common to the acts and thus personalize them are said to be the defendant's 'signature' which identifies him as the perpetrator."

We believe the similar acts testimony in the instant case meets the requirements of *Major, supra.* The present evidence meets the three-proposition test because there are distinctive characteristics common to the acts which constitute a "signature" identifying defendant as the perpetrator of the crime in question, thus satisfying the fourth proposition. *People v Horton,* 98 Mich App 62, 70; 296 NW2d 184 (1980). The similar acts evidence qualified for admission into evidence as being probative of the statutorily specified purpose of identity which was made material, *i.e.,* was in issue, by defendant's alibi defense. *Major, supra,* 400. The similar acts need only be sufficiently similar, not identical, to the present crime to make evidence of

such acts admissible. In the instant case, the fact that in all the similar acts the defendant threatened the victims and attacked each of the victims while they were alone in a hotel is sufficient to constitute defendant's "signature" and to justify the trial court's decision to admit this testimony as being more probative than prejudicial. This Court finds no abuse of the trial court's discretion in so ruling.

Next, defendant argues that his identification was improper and warrants reversal. We disagree. The requirement of a corporeal lineup has not been extended to a pre-custody, pre-questioning, mere suspicion phase of an investigation. *People v Lee,* 391 Mich 618, 625; 218 NW2d 655 (1974). At the time of the photographic showups in the instant case, defendant was not the focus of the investigation but merely among the suspects in the case. The trial court properly conducted a *Wade* hearing *(United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 [1967]) and determined that both the photographic showups and the corporeal lineup were properly conducted with no resulting prejudice to the defendant. *People v Kachar,* 400 Mich 78; 252 NW2d 807 (1977). We cannot say that the trial court abused its discretion in ruling that the identification procedures followed were not so unnecessarily suggestive and conducive to irreparable mistaken identification that defendant had been denied due process of law. *Stovall v Denno,* 388 US 293, 302; 87 S Ct 1967; 18 L Ed 2d 1199 (1967), *Kachar, supra, Horton, supra.* No error occurred.

Defendant also argues that the trial court erred by refusing to instruct on the necessarily included lesser offense of fourth-degree CSC. First, fourth-degree CSC is not a necessarily included offense of

first-degree CSC. *People v Garrow,* 99 Mich App
834; 298 NW2d 627 (1980). However, in most cases,
as in the present case, fourth-degree CSC is a
factually included offense of first-degree CSC. *Garrow, supra.* As such, it was error for the trial court
to refuse the defendant's requested instruction.
*People v Richardson,* 409 Mich 126, 135; 293
NW2d 332 (1980), *People v Phillips,* 385 Mich 30,
36; 187 NW2d 211 (1971).

The question is thus presented as to whether
this instructional error is rendered harmless by
the jury's verdict of guilty on a higher offense
where the option was available to convict on some
lesser offense. The doctrine of harmless error is
stated in both court rule[2] and statute.[3] The essence
of this doctrine is that: "Appellate courts should
not reverse a conviction unless the error was
prejudicial." *People v Robinson,* 386 Mich 551, 562;
194 NW2d 709 (1972), *Richardson, supra,* 139-140.

In the present case, the trial court instructed on
first-degree CSC and on the necessarily included
lesser offense of third-degree CSC. Although the
requested instruction on fourth-degree CSC should

---

[2] GCR 1963, 529.1 provides:

"No error in either the admission or the exclusion of evidence and
no error or defect in any ruling or order or in anything done or
omitted by the court or by any of the parties is ground for granting a
new trial or for setting aside a verdict or for vacating, modifying, or
otherwise disturbing a judgment or order, unless refusal to take such
action appears to the court inconsistent with substantial justice. The
court at every stage of the proceedings shall construe these rules to
secure the just, speedy, and inexpensive determination of every action
so as to avoid the consequences of any error or defect in the proceeding which does not affect the substantial rights of the parties."

[3] MCL 769.26; MSA 28.1096 provides:

"No judgment or verdict shall be set aside or reversed or a new
trial be granted by any court of this state in any criminal case, on the
ground of misdirection of the jury, or the improper admission or
rejection of evidence, or for error as to any matter of pleading or
procedure, unless in the opinion of the court, after an examination of
the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

have been given, reversal is not required. Instructions were given on the lesser included offense of third-degree CSC, yet the jury convicted defendant of the charged offense. We conclude that the jury had no reasonable doubt as to defendant's guilt of the charged offense. If the jury had doubts about defendant's guilt of the charged offense but believed him to be guilty of some wrongdoing, they could have found him guilty of third-degree CSC. They did not do so. Additionally, defendant's theory of the case was alibi. Thus, the trial court's failure to instruct on fourth-degree CSC did not prevent the jury from believing defendant's story.[4] The jury found defendant's theory unbelievable. Hence, we perceive no prejudice in the trial court's refusal to instruct on fourth-degree CSC. *People v Medrano,* 101 Mich App 577; 300 NW2d 636 (1980), *People v Trout,* 95 Mich App 163; 290 NW2d 109 (1980), *People v Herbert Ross,* 73 Mich App 588; 252 NW2d 526 (1977).

The next claim of error is that the trial court improperly allowed evidence of defendant's prior convictions for impeachment purposes. We agree with defendant that the trial court erred when it exercised is discretion in an upside down fashion by admitting evidence of the prior convictions because of the similarity of the prior convictions to the charged offense. *People v Baldwin,* 405 Mich 550, 553; 275 NW2d 253 (1979), *People v Bates,* 94 Mich App 568, 574; 288 NW2d 655 (1980).

Having determined that the trial court's action was error, we still must decide whether the error was harmless. This precise issue was dealt with in *Bates, supra,* 575, which held:

"What useful purpose is served in remanding for a

---

[4] This factor distinguishes the present case from the factual situation in *People v Richardson,* 409 Mich 126; 293 NW2d 332 (1980).

new trial at which the court would determine whether evidence of the prior conviction is admissible for impeachment if, as we have already held, evidence of the prior conviction is admissible as part of the case in chief under the similar acts statute? We see none."

As already noted in this opinion, evidence of defendant's prior criminal activity was properly admitted in the case in chief under the similar acts doctrine set forth in *Major, supra.* As such, any error in the admission of evidence of these convictions for impeachment purposes was harmless. *People v Renno,* 392 Mich 45, 56; 219 NW2d 422 (1974).

Defendant's last two claims of error concern his sentencing. First, defendant claims that the sentencing court erred in failing to respond to his counsel's objection to an item included in the presentence report. Defendant's claim of error is well taken. Defense counsel's objection was specific and unequivocal. The objection stated that the item indicating defendant had homosexual tendencies was inaccurate.

"In *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975), this Court found error where the trial judge relinquished his discretion by failing to respond in any way to the defendant's contention that the presentence report contained inaccurate or improper information. The Court held that, although the judge was not required to hold an evidentiary hearing, he could utilize other methods to deal with the situation, such as ascertaining that the disputed material is not relevant to his decision. See also *People v Horace Williams,* 77 Mich App 402; 258 NW2d 737 (1977)." *People v Perez,* 94 Mich App 759, 760-761; 289 NW2d 857 (1980).

In the absence of the sentencing court's response to counsel's objection, it is impossible to determine

whether the sentence imposed was based in part upon the claimed inaccuracy. Therefore, we must remand to the circuit court for proceedings not inconsistent with those set forth in *Perez, supra.* Additionally, both the prosecution and defendant agree that defendant is entitled to seven additional days jail time credit. The circuit court should correct this deficiency on remand.

Defendant's conviction is affirmed and defendant's sentence is remanded to the circuit court for proceedings not inconsistent with *Perez, supra.*

Judge KELLY disagrees that fourth-degree CSC is a factually included offense of first-degree CSC in this case. He also finds the trial court's response to counsel's objection to the presentence report harmless beyond a reasonable doubt.