PEOPLE v OLIVER

Docket No. 77-1558. Submitted January 5, 1979, at Grand Rapids.—
Decided May 21, 1979. In lieu of leave to appeal, reversed and
remanded for new trial, 407 Mich 857.

Daniel Oliver was convicted of delivery of phencyclidine and
delivery of marijuana, Calhoun Circuit Court, Stanley Everett,
J. Defendant appeals, alleging several errors. *Held:*

1. A three-month delay between the alleged drug transaction
and the arrest of the defendant did not violate the defendant's
right to due process of law where no prejudice resulting from
the delay has been demonstrated.

2. The drugs were properly admitted into evidence. An al-
leged break in the chain of custody goes to the weight, not the
admissibility, of the evidence.

3. The trial court did not err in its instructions to the jury.

4. The trial court used an incorrect analysis in determining
that evidence of a prior similar offense could be admitted for
impeachment purposes. As a result of this ruling the defendant
did not testify in his own behalf. The case is remanded for a
determination of whether the evidence of the prior conviction
would have been suppressed had the court applied the correct
analysis. If so, a new trial shall be ordered.

5. The trial court's conference with a probation officer prior
to sentencing was a critical stage of the proceedings at which
the defendant was entitled to have counsel present.

Reversed and remanded with instructions.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest § 33.
[2] 30 Am Jur 2d, Evidence § 1080.
  29 Am Jur 2d, Evidence § 774.
[3] 75 Am Jur 2d, Trial § 701.
[4] 29 Am Jur 2d, Evidence §§ 321, 333.
[5] 29 Am Jur 2d, Evidence §§ 321, 327, 333.
[6] 21 Am Jur 2d, Criminal Law §§ 309, 313.
  Absence of counsel for accused at time of sentence as requiring
  vacation thereof or other relief. 20 ALR2d 1240.
  Accused's right to counsel under the Federal Constitution—Su-
  preme Court cases. 9 L Ed 2d 1260, 18 L Ed 2d 1420.

1. CRIMINAL LAW — ARREST — DELAY — PREJUDICE — DUE PROCESS.
   Prejudice which results from a delay in arresting a defendant, not the delay itself, may result in a violation of due process.

2. CRIMINAL LAW — EVIDENCE — CHAIN OF CUSTODY — WEIGHT OF EVIDENCE.
   Allegations of a break in the chain of custody of physical evidence offered at trial go to the weight of the evidence, not its admissibility.

3. DRUGS AND NARCOTICS — PHENCYCLIDINE — INSTRUCTIONS TO JURY.
   Failure of a trial court to instruct the jury, in a prosecution for delivery of phencyclidine, that phencyclidine is a substance "having a potential for abuse associated with a depressant effect on the central nervous system" was not error because the language is not a definition of phencyclidine, but a description of a class of substances, and had no relevance to any issue in the trial.

4. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS.
   The issue of whether reference to a defendant's prior convictions should be suppressed is one addressed to the discretion of the trial court.

5. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACHMENT — SIMILAR CONVICTIONS.
   Impeachment of a defendant by use of prior convictions of similar offenses is not prohibited per se; therefore, where a trial court, by application of an incorrect analysis, allowed such evidence to be used for impeachment the case should be remanded to the trial court for a determination of whether the evidence would have been suppressed if the court had used the correct analysis, and if it would have been suppressed, the defendant is entitled to a new trial.

6. CRIMINAL LAW — ASSISTANCE OF COUNSEL — SENTENCING.
   A defendant is entitled to the assistance of counsel at those stages of criminal proceedings at which substantial rights of the defendant may be affected; sentencing is one such proceeding, and a defendant is entitled to have counsel present where the trial court confers with a probation officer concerning the defendant's sentence, prior to passing sentence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Norlander,*

Prosecuting Attorney, and *Roger L. Caswell,* Assistant Prosecuting Attorney, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and M. J. KELLY, JJ.

R. B. BURNS, J. Defendant was convicted by a jury of delivery of phencyclidine, MCL 335.341(1)(b); MSA 18.1070(41)(1)(b), and delivery of marijuana, MCL 335.341(1)(c); MSA 18.1070(41)(1)(c), and appeals.

Evidence presented at trial established that police officer Johnston went to a residence in Battle Creek in the company of an informant and purchased phencyclidine and marijuana from defendant. Defendant was not arrested until approximately three months later. Defendant argues that the delay deprived him of due process. However, it is prejudice resulting from delay, not the delay itself, which may result in a violation of due process. *People v Hernandez,* 15 Mich App 141, 146; 170 NW2d 851, 854 (1968). Although defendant speculates that prejudice may have occurred, defendant has demonstrated no actual prejudice. Thus, the argument is without merit.

Officer Johnston testified that he took the drugs purchased from defendant to the building from which his drug enforcement unit operated and placed them in a locker to which only he had keys. He transported the drugs to the crime lab 11 days later. Because the officer declined to testify as to the location of the building where the drugs were kept, defendant argues that there was a break in the chain of evidence. However, defendant's argument goes to weight, not admissibility, of the

evidence. See, *e.g., People v Kremko,* 52 Mich App 565, 573; 218 NW2d 112, 116 (1974). There was no error in admitting the exhibits.

Defendant raises three alleged instructional errors as issues for review. However, only one was preserved for review through objection. See, *e.g., People v Murry,* 59 Mich App 555, 559; 229 NW2d 845, 847 (1975). Defendant argues that the trial court erred by failing to instruct the jury that phencyclidine is a substance "having a potential for abuse associated with a depressant effect on the central nervous system". See MCL 335.318(1)(b); MSA 18.1070(18)(1)(b). Defendant argued to the jury that he did not know what the substance was, and argues to this Court that a definition of the substance was necessary in order for the jury to assess his argument. However, the quotation is not a definition of phencyclidine, but a description of a class of substances, and thus had no relevance to any issue in defendant's trial.

Defendant moved to suppress reference to his 1974 conviction of delivery of marijuana as impeachment evidence. See *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). One of the factors the trial court weighed in favor of admissibility was the similarity of the prior offense to the instant offenses.[1] In so doing, it appears that the trial judge was conscientiously attempting to exercise his discretion in the manner indicated by *People v Osteen,* 46 Mich App 409; 208 NW2d 198

---

[1] "THE COURT: Well, I think that there is obviously a risk of prejudice in disclosing any prior convictions. I'd agree with you up to that point. And it's got to be weighed against the right of the jury to have knowledge of each witness, some knowledge of them in order to tell if they are telling the truth. It appears to me in view of the fact that these convictions are of recent origin and of a similar nature, somewhat similar, at least, to that with which he is now charged, that it is proper for the Prosecutor to inquire only, of course, whether he has been arrested and convicted of felonies and if so, what."

(1973), *dismissed as moot* 390 Mich 760 (1973), despite a personal belief that the rule indicated in *Osteen* did not make any sense.[2] The trial court ruled the evidence admissible, and, as a result, defendant elected not to testify.

This Court has recognized that the opinion in *Osteen* contained a mistake which, if followed, results in an upside down exercise of discretion. *People v Cash,* 80 Mich App 623; 264 NW2d 78 (1978), see *People v Green,* 86 Mich App 142; 272 NW2d 216 (1978), *People v Denny,* 86 Mich App 40; 272 NW2d 332 (1978). The proper analysis is that set forth in *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967), *cert den* 390 US 1029; 88 S Ct 1421; 20 L Ed 2d 287 (1968).

The issue of whether reference to prior convictions should be suppressed is one addressed to the *trial court's* discretion. *Gordon v United States, supra,* does not per se bar every impeachment by similar convictions. *People v Cash, supra,* at 627; 264 NW2d at 80, see *People v Townsend,* 60 Mich App 204, 206; 230 NW2d 378, 379 (1975). Consequently, we decline to second guess the trial court by concluding that the evidence should have been suppressed, and remanding for a new trial. Compare *People v Green, supra, People v Denny, supra.* Rather, we remand to the trial judge for determination of whether he would have suppressed reference to the prior conviction had he applied the correct analysis. If he would have, a

---

[2] "THE COURT: Strangely enough, Mr. Calderone, the Appellate Courts started to change the rule. They refer to the fact that the relationship between the prior offense, the similarity between the prior offense and the current offense was a factor to be considered in allowing it in which I'll admit doesn't make any sense to me, but if you remember back, the first case that I know of which was reversed, the Prosecutor showed a lot of misdemeanors, and the Court said none of them—only one of them was drug related, was a drug case and, therefore, they shouldn't have gone in which to me is the opposite of what we are supposed to be doing * * *."

new trial shall be ordered. If he would not have, the conviction shall be affirmed.

Because the conviction may be affirmed, there is one other issue which we must reach. At sentencing, defense counsel objected to the trial judge conferring with a probation officer concerning defendant's sentence outside the presence of the defense counsel. It is apparently the practice of the trial judge to confer alone with probation officers prior to sentencing, a practice followed in the instant case. Defendant argues on appeal, *inter alia*,[3] that the procedure deprived him of his right to counsel. We agree. Defendants are entitled to the assistance of counsel at those stages of criminal proceedings at which substantial rights may be affected. Sentencing is one such proceeding. *Mempa v Rhay,* 389 US 128; 88 S Ct 254; 19 L Ed 2d 336 (1967). Counsel is needed to present to the court extenuating facts, explain conduct, correct errors in reports of defendants' past conduct, and appeal to the equity of the court. *People v Dye,* 6 Mich App 217, 219; 148 NW2d 501, 502 (1967). Our Supreme Court has commented on the critical need for accurate facts as a basis for sentencing, and the consequent need for a procedure to allow defendants to rebut inaccurate information. *People v Malkowski,* 385 Mich 244, 249; 188 NW2d 559, 562 (1971). Where, as here, the trial court obtains information about a defendant, not equally available to the defendant's counsel,[4] there is no opportu-

---

[3] Defendant also argued that the procedure deprived him of his right to be present at trial. MCL 768.3; MSA 28.1026. We do not reach the issue because defendant did not object on this basis, and because our resolution of the right to counsel issue makes this issue moot.

[4] Distinguish the situation where a probation officer provides information to a judge through a presentence report. There, counsel generally receives the same information, even if at a different time. GCR 1963, 785.12.

nity for effective rebuttal, and inaccurate information may creep into the proceedings. Whether the trial court's conference with the probation officer is viewed as a part of the sentencing proceeding at which counsel was excluded, or a separate proceeding, it was a critical stage at which substantial rights of defendant may have been affected.

If the trial court does not grant a new trial in this case, defendant shall be resentenced.

The remaining issues concerning sentencing are moot.

Reversed and remanded with instructions.