PEOPLE v BLACK

Docket No. 50382. Submitted November 14, 1980, at Detroit.—Decided January 22, 1981.

David D. Black was convicted, on his plea of guilty, of larceny in a building, St. Clair Circuit Court, Richard M. Knoblock, J. The prosecution agreed, in exchange for defendant's plea of guilty to the charged offense, to encourage the trial court to impose a delayed sentence. Prior to sentencing, the trial court had an *ex parte* conversation with the presentence investigator. The trial judge also had an in-chambers conference with defense counsel at which defendant was not present. In that conference the trial court indicated that he might not impose a delayed sentence. The trial court did not at the sentencing hearing inform the defendant that he did not intend to follow the prosecution's sentence recommendation, nor did it extend to the defendant the opportunity to withdraw his guilty plea. Defendant appeals. *Held:*

1. When the trial court determined that it did not intend to follow the prosecution's sentence recommendation, the court had the duty to inform the defendant of that fact and offer to the defendant the opportunity to withdraw his guilty plea. The fact that the prosecution agreed only to "encourage" the imposition of a delayed sentence does not change that duty, since a promise to "encourage" a particular sentence is the functional equivalent of a promise to "recommend" that sentence.

2. The trial court's informing defense counsel at the in-chambers conference of the fact that it might not impose the recommended delayed sentence does not satisfy the duty of the court to inform the defendant of the fact that the recommended sentence will not be imposed.

3. Resentencing is mandated by the trial court's discussion

REFERENCES FOR POINTS IN HEADNOTES

[1-4, 7] 21 Am Jur 2d, Criminal Law §§ 491.5, 505.
  Right to withdraw guilty plea in state criminal proceeding where court refuses to grant concession contemplated by plea bargain. 66 ALR3d 902.

[5] 21 Am Jur 2d, Criminal Law §§ 304, 308, 529, 569.

[6] 21 Am Jur 2d, Criminal Law § 496.

[8] 5 Am Jur 2d, Appeal and Error § 938.

with the presentence investigator, since sentencing is a critical stage of a criminal proceeding and, accordingly, defendant had the right to be represented by counsel during that discussion. Prejudice must be presumed to have resulted from that discussion.

4. There was an adequate factual basis for the guilty plea, since from the facts admitted by the defendant a jury could have reasonably made inferences which would support a finding of guilt. The fact that a jury could have, in the alternative, made exculpatory inferences does not vitiate the factual basis for the guilty plea.

Reversed and remanded.

J. H. Gɪʟʟɪs, J., concurred in part and dissented in part. He also would hold that reversal is mandated by reason of the failure of the trial court to inform the defendant that the recommended sentence was not going to be imposed and to permit the defendant to withdraw the guilty plea. He, however, would hold that resentencing is not mandated by reason of the *ex parte* discussion between the trial court and the presentence investigator, since no prejudice has been shown.

OᴘɪɴɪᴏN ᴏf ᴛʜᴇ Cᴏᴜʀᴛ

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Gᴜɪʟᴛʏ Pʟᴇᴀs — Aɢʀᴇᴇᴍᴇɴᴛ ᴀs ᴛᴏ Sᴇɴᴛᴇɴᴄᴇ — Wɪᴛʜᴅʀᴀᴡᴀʟ ᴏf Pʟᴇᴀ — Iɴᴅᴜᴄᴇᴍᴇɴᴛ ᴏf Pʟᴇᴀ.

A criminal defendant must be given the opportunity to withdraw his plea of guilty where the sentencing judge determines that he will not follow a sentence recommendation of the prosecution which was made part of the plea agreement that induced the guilty plea.

2. Wᴏʀᴅs ᴀɴᴅ Pʜʀᴀsᴇs — Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Sᴇɴᴛᴇɴᴄɪɴɢ — Pʀᴏsᴇᴄᴜ-ᴛᴏʀɪᴀʟ Eɴᴄᴏᴜʀᴀɢᴇᴍᴇɴᴛ — Pʀᴏsᴇᴄᴜᴛᴏʀɪᴀʟ Rᴇᴄᴏᴍᴍᴇɴᴅᴀᴛɪᴏɴ.

A promise by the prosecution to "encourage" the trial court to give a particular sentence is equivalent to a promise by the prosecution to recommend such a sentence.

3. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Gᴜɪʟᴛʏ Pʟᴇᴀs — Sᴇɴᴛᴇɴᴄɪɴɢ — Nᴏᴛɪᴄᴇ ᴛᴏ Dᴇfᴇɴᴅᴀɴᴛ — Wɪᴛʜᴅʀᴀᴡᴀʟ ᴏf Pʟᴇᴀ.

A trial court, if it knows that it will not impose a sentence recommended by the prosecutor, should inform the defendant of that fact and give the defendant a chance to withdraw his guilty plea with the benefit of that information.

4. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Gᴜɪʟᴛʏ Pʟᴇᴀs — Sᴇɴᴛᴇɴᴄɪɴɢ — Nᴏᴛɪᴄᴇ ᴛᴏ Dᴇfᴇɴᴅᴀɴᴛ.

A statement made by the trial judge to defense counsel at an in-

chambers conference, at which the defendant was not present, that the judge might not impose the sentence which had been recommended by the prosecution in accordance with a guilty plea agreement does not constitute information to the defendant of that fact where the trial court does not also inform defendant of that fact in open court and permit the defendant to withdraw his guilty plea.

5. CRIMINAL LAW — SENTENCING — ASSISTANCE OF COUNSEL.

Resentencing is mandated where the trial court had an *ex parte* discussion with the presentence investigator, irrespective of whether prejudice is shown to have resulted from such discussion, since all phases of the sentencing proceedings are a critical stage of the criminal proceedings requiring the presence of defense counsel.

6. CRIMINAL LAW — GUILTY PLEAS — INFERENCES.

A factual basis for acceptance of a plea of guilty exists if an inculpatory inference could be reasonably drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts the latter as the correct inference.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY J. H. GILLIS, J.

7. CRIMINAL LAW — GUILTY PLEAS — SENTENCING — PLEA BARGAINS — WITHDRAWAL OF PLEA.

*An assurance by the prosecution as part of a guilty plea agreement that the prosecution will "encourage" the imposition of a delayed sentence on the teenaged defendant mandates reversal to permit the defendant to withdraw his guilty plea where the trial judge does not impose a delayed sentence, since, although the prosecution is powerless to guarantee the imposition of a delayed sentence, a teenaged defendant should not be expected to know that the prosecution's power was so limited.*

8. CRIMINAL LAW — SENTENCING — EX PARTE CONVERSATIONS — PREJUDICE.

*Reversal and remand for resentencing is not mandated by reason of an* ex parte *conversation between the trial judge and a presentence investigator where there is nothing to even hint that the defendant was prejudiced by that conversation.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,*

Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*William R. Walsh, Jr.,* for defendant.

Before: BRONSON, P.J., and J. H. GILLIS and D. C. RILEY, JJ.

BRONSON, P.J. Defendant pled guilty as charged to the offense of larceny in a building. MCL 750.360; MSA 28.592. He was sentenced to a term of three years' probation, with the first 30 days to be spent in the St. Clair County Jail. Defendant now appeals as of right.

At the plea-taking hearing, the prosecutor admitted there had been a bargain arranged in this cause. When asked by the court to state the terms of the agreement, the prosecutor stated that, in exchange for the guilty plea, "the prosecution will not oppose the court's assessing delayed sentence, and would encourage such, without depriving the court of any authority that it may have". Defendant contends that he should have been allowed to withdraw his plea when the judge decided not to impose delayed sentencing. We agree.

In *People v Briggs,* 94 Mich App 723, 726-727; 290 NW2d 66 (1980), this Court held that, where a prosecutor makes a sentence recommendation which the trial judge decides he cannot follow, defendant must be allowed to withdraw his plea. See, also, *People v Hagewood,* 88 Mich App 35; 276 NW2d 585 (1979). In our opinion *Briggs* controls the disposition of this case.

The prosecution on appeal contends that reliance on *Briggs* is misplaced because in *Briggs* there was a sentence recommendation, while here there was none. In our opinion, the prosecution's encouragement of delayed sentencing was the

equivalent of a recommendation. The concepts of encouraging a particular result and recommending a result are synonymous. In either case, a defendant has the right to rely on the support of the prosecutor vis-à-vis the sentence advocated before the trial court and to withdraw his plea if the trial court decides it cannot impose the sentence in dispute.

The prosecution also contends that because the sentence imposed in this case was "liberal" compared to the "harsh" maximum which could have been imposed, this distinguishes *Briggs* from the instant matter. While we do not dispute that the disparity between the recommended sentence and actual sentence in *Briggs* was far more extreme than in this case, we fail to see how this is significant. If a defendant was induced to plead guilty believing he would receive a particular sentence, the fact that the sentence actually imposed was only somewhat harsher than the one which induced the plea does not save the bargain. But for the defendant's perception that a particular sentence would be imposed, he may have declined to plead guilty.[1]

At this point we note that another panel of our Court reached a result conflicting with *Briggs* and *Hagewood* in *People v Armstrong,* 99 Mich App 137; 297 NW2d 637 (1980). *Armstrong* stands for the proposition that if the trial court advises defendant it need not follow the recommended sentence and gives defendant the opportunity to withdraw his plea, there is no right to withdraw the plea after sentencing actually occurs. Without the

---

[1] Of course, the defendant's perception of what sentence he would receive must be reasonable. If he merely assumed he would get a particular sentence without representations made by the prosecutor or the court, the fact that he received a more severe sentence would not require allowing him to withdraw his plea.

benefit of the *Armstrong* decision, the prosecution essentially argues that its rationale should be adopted by this panel. We disagree. If the trial court knows that it is not going to impose the sentence recommended by the prosecutor, defendant should be given the chance to withdraw his plea with the benefit of this information. ABA Standards, Pleas of Guilty, § 3.3 (Approved Draft, 1968); *Briggs, supra; Hagewood, supra.* There exists no good reason why a trial court should be coy with a defendant concerning whether it will or will not impose the sentence recommended.[2] Unless the trial court actually tells defendant it will not impose the recommended sentence, it seems unfair to refuse to allow the plea to be withdrawn.

In any case, even assuming that *Armstrong* represented the better rule, it would not apply here. Although the trial judge advised defense counsel during an in-chambers conference that a delayed sentence might not be imposed, he did not apprise defendant in open court at the time of sentencing that he was not bound by the recommendation and did not extend to defendant the opportunity to request to withdraw his plea. Rather, he allowed defendant's attorney father, appearing as of counsel, and defendant's attorney to point out inaccuracies in the presentence report and to speak on defendant's behalf. After this occurred, the trial court immediately proceeded to impose the objectionable sentence.

Defendant also contends that the trial court erred in holding *ex parte* communications with the

---

[2] Indeed, the only reason which we can conceive of explaining why a trial court would refuse to inform a defendant that it will not impose the recommended sentence is to get him to plead guilty so that it can then impose a stiffer sentence. We are unable to see how the ends of justice are served by allowing this sort of judicial trickery.

presentence investigator. These communications occurred after the presentence report recommending a delayed sentence was filed and prior to sentencing. In its opinion denying defendant's "amended motion for a new trial" the court stated that no information was conveyed to it which was not available to defendant and his attorney in the presentence report. Whether the trial judge actually received information not contained in the presentence report is irrelevant in our opinion. Sentencing is a critical stage in a criminal proceeding at which a defendant is entitled to assistance of counsel. *Mempa v Rhay,* 389 US 128; 88 S Ct 254; 19 L Ed 2d 336 (1967). Where the trial court has communicated with the probation officer *ex parte,* we must presume that this right has been denied. See *People v Oliver,* 90 Mich App 144, 149-150; 282 NW2d 262 (1979), *rev'd on other grounds* 407 Mich 857; 283 NW2d 502 (1979). It may well be that defendant was not prejudiced by the *ex parte* communications. However, as the Supreme Court stated in *Glasser v United States,* 315 US 60, 76; 62 S Ct 457; 86 L Ed 680 (1941): "The right to have the assistance of counsel is too fundamental and absolute to indulge in nice calculations as to the amount of prejudice arising from its denial".

We reject defendant's assertion that an insufficient factual basis was established for his guilty plea. While it's true that defendant denied knowledge that the stolen items, lottery tickets, were going to be taken by his friends and cohorts, this, in and of itself, is not fatal. From the facts admitted by defendant, including the admission that he accepted some of the lottery tickets, an inculpatory inference upon which a conviction for the charged offense could have been sustained might

reasonably be drawn by a jury. *People v Haack,* 396 Mich 367, 376-378; 240 NW2d 704 (1976).

Reversed and remanded.

D. C. RILEY, J., concurred.

J. H. GILLIS, J. *(concurring in part; dissenting in part).* I concur in the majority's holding that the defendant should have been permitted to withdraw his plea when it became clear that the trial court had rejected the prosecutor's agreement to encourage a delayed sentence. If, as defendant asserts, a delayed sentence would have been the rule rather than the exception in a case such as this in St. Clair County, it would not be fair to allow defendant to plead guilty to the crime *with which he was charged,* on the prosecutor's assurance that he would "encourage" a delayed sentence. That assurance implied a result which the prosecutor was powerless to guarantee, but a teenaged defendant should not be expected to know that.

I cannot agree that, in all cases, a trial judge is precluded from communicating with a probation officer or presentence investigator outside of defense counsel's presence. Rather, I would hold that such action would only be improper if it was prejudicial to defendant. In this case, the presentence investigator recommended a delayed sentence, and the trial judge stated that he received no information from the investigator which was not also contained in the presentence report. These facts suggest that the *ex parte* conversation likely involved the trial court's inquiry why a delayed sentence was recommended. The court may also have inquired as to defendant's educational status and the nature of his extracurricular activities, given that defendant's 30-day jail sentence was qualified by the proviso that he be

permitted to leave the jail when necessary in order to attend school and football practice and play in several football games. In any event, there is nothing in the record which even hints at prejudice to defendant. As such, I see no harm in the trial judge's *ex parte* conversation with the presentence investigator.