PEOPLE v BEAL

Docket No. 47790. Submitted November 12, 1980, at Lansing.—Decided March 3, 1981.

Marvin R. Beal pled quilty to second-degree criminal sexual conduct pursuant to the terms of a plea-bargain agreement and was sentenced to prison, Antrim Circuit Court, Charles M. Forster, J. He appeals, alleging that the trial court erred in imposing sentence and in considering references in a presentence report to prior criminal acts for which he was never charged and that he was denied effective assistance of counsel because of a refusal by a presentence officer to disclose the contents of the presentence report until just prior to sentencing and because of an in-chambers conference between a probation officer and the trial court in the absence of defendant's counsel. *Held:*

1. The sentence imposed by the court was proper. Defendant and defense counsel were given a full opportunity to explain or controvert any perceived misstatement in the presentence report, and the trial court denied reliance on references to material objectionable to defendant in determining its sentence.

2. The trial court permitted defense counsel to review defendant's presentence report prior to sentencing and afforded him an opportunity to respond to the information contained in the report. The court was not required to divulge such information at any specific time prior to imposing sentence. Defendant's right to due process was fully insured, and he was not denied effective assistance of counsel.

3. The presentence conference between the trial judge and the probation officer was limited to the explication of matters already enumerated in the presentence report. Defendant's

REFERENCES FOR POINTS IN HEADNOTES

[1-5] 21 Am Jur 2d, Criminal Law §§ 303, 304, 527 *et seq., 584, 585.*

Defendant's right to disclosure of presentence reports. 40 ALR3d 681.

Court's right in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

[4, 5] 21 Am Jur 2d, Criminal Law §§ 309, 312, 313.

exercise of his right to allocution protected him from being sentenced upon inaccurate information.

Affirmed.

1. CRIMINAL LAW — PRESENTENCE REPORTS — DUE PROCESS.

A presentence report considered by the trial court in a criminal case may contain references to a defendant's other arrest or statements that the defendant has admitted to or was engaged in other crimes without denying him his due process rights provided the defendant has an opportunity to refute such references.

2. CRIMINAL LAW — PRESENTENCE REPORTS — DUE PROCESS — COURT RULES.

A sentencing court shall permit defense counsel or a defendant not represented by counsel as well as the prosecutor to inspect the defendant's presentence report, and both parties must be given an opportunity at the time of sentencing to explain or controvert any factual representations contained in the report in order to satisfy requirements of due process (GCR 1963, 785.12).

3. CRIMINAL LAW — PRESENTENCE REPORTS — NOTICE.

A presentence report need not be divulged prior to the date of sentencing.

4. CRIMINAL LAW — RIGHT TO COUNSEL — SENTENCING.

Generally a defendant is entitled to counsel at those stages of a criminal proceeding at which substantial rights may be affected such as at sentencing, and where a trial court obtains information, not equally available to defense counsel, reqarding a defendant through a conference with a probation officer prior to sentencing the defendant is denied his right to effective assistance of counsel.

5. CRIMINAL LAW — RIGHT TO COUNSEL — PRESENTENCE CONFERENCES — PRESENTENCE REPORTS.

A defendant is not denied effective assistance of counsel where a trial court is provided with information regarding the defendant by a probation officer through a presentence conference and where defense counsel is provided with such information at a different time through a presentence report.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James G. Young,* Prosecuting Attorney (by *Thomas C. Nelson,* Assis-

tant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Fisher & Christian, P.C.,* for defendant on appeal.

Before: M. J. KELLY, P.J., and ALLEN and C. L. HORN,* JJ.

M. J. KELLY, P.J. Defendant, Marvin Reed Beal, appeals various aspects of the sentencing procedure and a presentence report employed by the lower court subsequent to the defendant's bargained-for plea of guilty to second-degree criminal sexual conduct. MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). We affirm.

The defendant raises two issues relating to materials contained in the presentence report. Initially, the defendant alleges that the sentencing judge imposed a sentence equivalent to that for first-degree criminal sexual conduct based upon the following representations contained in the presentence report:

"Circumstances of this offense are that on 8-22-78, Marvin engaged in sexual intercourse with his 12 year old daughter, Wendy Beal, at his residence at Lewis Road, Echo Township, Antrim County. This was a negotiated plea with the deal being that in exchange for a plea of guilty to Second Degree Criminal Sexual Conduct, First Degree Criminal Sexual Conduct charges would be dropped. Also, as a part of the agreement, First Degree Criminal Sexual Conduct charges on information 78-1842-FY would also be dismissed.

\*　\*　\*

"The severity of the present charge, especially when considered in relation to this plea bargain agreement reducing the charge in this file and dismissing a First

* Circuit judge, sitting on the Court of Appeals by assignment.

Degree Criminal Sexual Conduct charge in file 78-1842-FY, require consideration of appropriate punishment."

The defendant also alleges a denial of his right to due process, arising from the trial court's alleged consideration of the presentence report's descriptions of three prior criminal acts for which defendant was never charged. The presentence report stated:

"ADDITIONAL INFORMATION:

\* \* \*

"[Name, birthdate], reported to Detective Hughson that around August 13, 1978, when she was 13 years old, she was at her father's home and he attempted to take her clothes off and failed in that attempt. She reported that on about 8-27-78 he removed her clothes, removed his trousers and attempted to have intercourse with her but did not actually penetrate her. She reported that these sorts of activities had been going on since about 1974 but she denied that he had actually had sexual intercourse with her. When interviewed in August of 1978, she reported that she had not been threatened recently but that a long time ago Beal had told her that if she told anyone about their activities, 'he would kill her.'

"Beal denies the above.

"During my investigation two women in the community came forward with information that Beal had raped them when they were approximately 12 or 14 years old. On 3-18-79, I interviewed [Name, date of birth], now living at [address]. She said that when she was about 14 years old, Reed Beal forceably raped he [sic] near the ball diamond at Pleasant Valley. She further stated that about one year later he beat her up in front of a group of people at Pleasant Valley Ball Diamond in what she believed was an attempt to convince her that she should not tell anyone that he had sexually assaulted her. [Name] states that she is not willing to come to Court to testify.

"Beal was asked about her allegation and he denied that the events occurred.

"On 3-29-79, I interviewed [Name, address] she can be reached at [telephone number]. She was born [birthdate]. She told the writer that she had been a babysitter for the Beals during May or June of 1968 on a day when she had only a half day of school she was dropped off at the Beal's residence and spent the afternoon with them. That evening she babysat their children. That evening about 10 p.m. Beal left his residence with her to take her home and instead of taking her home, he took her to a cabin on Skinkle Road against her wishes. She stated that Beal had keys to a cabin which he opened and took her inside where he ripped her clothes off and raped her. She stated that about one month later while at the Pleasant Valley Ball Diamond, Beal gave her sister and her cousin money to go to the store and after they left, tried to drag her into the woods. She said that on that occasion she ran from him. [Name] states she is willing to testify in Court on the above.

"Beal denies that the above occurred."

With respect to the sentencing court's alleged consideration of the original charge of first-degree criminal sexual conduct, we note the recent decision in *People v Books,* 95 Mich App 500; 291 NW2d 94 (1980). The *Books* Court, after quoting with approval this Court's due process analysis in *People v McIntosh,,* 62 Mich App 422, 445-446; 234 NW2d 157 (1975), *aff'd in part, rev'd in part* 400 Mich 1; 252 NW2d 779 (1977),[1] provided the follow-

[1] The *McIntosh* Court summarized the prior decisions in *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972), *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974), and *Williams v New York,* 337 US 241; 69 S Ct 1079; 93 L Ed 1337 (1949), to hold:

"We are of the conclusion that a reasonable view of *Grimmett,* in light of *Lee* and *Martin,* is that reference to other criminal activity, for which no conviction has resulted, may be included in the presentence report and considered by the court, provided the defendant does have the opportunity for refutation provided by GCR 1963, 785.12. This is consistent with the Federal standards of due process set forth

ing summary of what information is permissible in a presentence report:

"It may be better practice to limit the reported previous record to convictions, other charges pending against the defendant *or dismissed as a result of the plea bargain,* and juvenile dispositions. However, the cases cited above are persuasive authority that the report may also include other arrests or statements that the·defendant has admitted, or was engaged in, other crimes. A sentencing judge is capable of disregarding such matters if they are disputed or of conducting a hearing to determine their accuracy, if he deems a hearing to be appropriate." *Books, supra,* 504-505. (Footnotes omitted.) (Emphasis added.)

In this case, the allegation of improper reliance on a previously dismissed charge falls squarely within the *Books* summary. Also, the defendant and defense counsel were given a full opportunity to explain or controvert any perceived misstatement in the presentence report, thus insuring the defendant's right to due process. *McIntosh, supra, People v Czerwinski,* 99 Mich App 304, 309-310; 298 NW2d 16 (1980).

As to the sentencing court's consideration of other untried, unproven crimes described in the presentence report, we note the court's consistent denial that those offenses would affect the sentence later imposed. "Since the judge did not consider the objected-to offense[s] listed in the presentence report, defendant's claim is without merit." *People v Baker,* 60 Mich App 309, 314; 230 NW2d 409 (1975), citing *People v Pettis,* 49 Mich App 503; 212 NW2d 266 (1973). See also *People v Dennis Davis,* 101 Mich App 198; 300 NW2d 497 (1980).

---

in *Williams v New York, supra,* and the decisions from other states." *McIntosh, supra,* 445-446.

Defendant next alleges that he was denied the effective assistance of counsel at the sentencing proceeding due to the presentence officer's refusal to disclose the presentence report to defense counsel more than 20 minutes before sentence was imposed.

The right of a defendant or defense counsel to inspect a presentence report arises from GCR 1963, 785.12, which provides in relevant part:

"Disclosure of Presentence Reports. The sentencing court shall permit the defendant's attorney, or if the defendant is not represented by counsel, the defendant, to inspect the presentence report. The prosecution must also be shown the report. Both parties must be given an opportunity at the time of sentencing to explain or controvert any factual representations in the presentence report."

Although the rule clearly provides for examination and explanation, there is no specific time at which the report must be divulged. Further, in *People v Saylor,* 88 Mich App 270, 274, 275; 276 NW2d 885 (1979), this Court addressed a claimed denial of due process where "[a]t the sentencing defendant was provided with a copy of his presentence report and both he and his attorney were granted the right of allocution". The *Saylor* Court concluded:

"We are satisfied that no violation of defendant's due process rights occurred in this case. As required by GCR 1963, 785.12, defendant's attorney was provided with a copy of defendant's presentence report. As required by GCR 1963, 785.8(2) and GCR 1963, 785.12, defendant and his attorney were allowed to respond to the information in the presentence report and to bring to the court's attention any other information believed to be relevant. Due process requires nothing more."

Examination of the procedures followed herein indicates a similar compliance with GCR 1963, 785.12.[2] Because the sentencing court fully insured the defendant's right to due process, we conclude that he was not denied the effective assistance of counsel.

Defendant lastly contends that an in-chambers discussion between the sentencing judge and probation officer, held in the absence of the defendant or defense counsel, denied defendant the right to effective assistance of counsel. He cites as authority the decision on a similar issue in *People v Oliver*, 90 Mich App 144, 149-150; 282 NW2d 262 (1979), *rev'd on other grounds*, 407 Mich 857 (1979):

"Defendants are entitled to the assistance 'of counsel at those stages of criminal proceedings at which substantial rights may be affected. Sentencing is one such proceeding. *Mempa v Rhay,* 389 US 128; 88 S Ct 254; 19 L Ed 2d 336 (1967). Counsel is needed to present· to the court extenuating facts, explain conduct, correct errors in reports of defendants' past conduct, and appeal to the equity of the court. *People v Dye,* 6 Mich App 217, 219; 148 NW2d 501, 502 (1967). Our Supreme Court has commented on the critical need for accurate facts as a basis for sentencing, and the consequent need for a procedure to allow defendants to rebut inaccurate information. *People v Malkowski,* 385 Mich 244, 249; 188 NW2d 559, 562 (1971). *Where, as here, the trial court obtains information about a defendant, not equally*

---

[2] See also *McIntosh, supra,* 446, fn 4, in which this Court stated:

"We suggest that disclosure of the presentence report should be made sufficiently before the date of sentencing to allow counsel to review important facts with the defendant and to investigate claimed errors. It is not unheard of for corrections or additions to the presentence report to thus be made for the benefit of the sentencing judge."

Contrary to the defendant's allegation, the *McIntosh* Court found no requirement that the presentence report be divulged prior to the date of sentencing. Additionally, on appeal the Supreme Court chose not to address this question.

*available to the defendant's counsel,*[4] *there is no opportunity for effective rebuttal, and inaccurate information may creep into the proceedings.* Whether the trial court's conference with the probation officer is viewed as a part of the sentencing proceeding at which counsel was excluded, or a separate proceeding, it was a critical stage at which substantial rights of defendant may have been affected."

---

"[4] Distinguish the situation where a probation officer provides information to a judge through a presentence report. There, counsel generally receives the same information, even if at a different time. GCR 1963, 785.12."

---

Defendant-appellant contends that *Oliver* establishes a prophylactic rule prohibiting in-chambers conversations between the sentencing judge and the probation officer regarding the presentence report where defense counsel is excluded. We decline to endorse so broad a mandate. The presentence officer is an aid to the court. He is a resource person available for consultation, and to per se prohibit discussion between the court and the officer would certainly diminish the effectiveness of the liaison. *Oliver* should be limited to prohibiting any presentence conference where the sentencing judge is given "information about a defendant, not equally available to the defendant's counsel * * *". In this case, the record on remand clearly precludes such a conclusion. Both the sentencing judge and the probation officer testified under oath that their discussion embraced only those subjects already contained in the presentence report, primarily the intent behind the recommendation of a "substantial prison term". The judge stated that if additional facts concerning the defendant had come to light during the meeting, such matters would have been placed on the record at the time of sentencing with the defendant permitted to respond to the new information. This underscored

the judge's express disclaimer at sentencing of any reliance on, or consideration of, disputed information contained in the presentence report. Here, the presentence conference was limited to the explication of matters already enumerated in the presentence report, and the defendant's right to allocution, which was adequately exercised, fully protected him from being sentenced upon inaccurate information. *Malkowski, supra.*

Affirmed.