PEOPLE v VON EVERETT

Docket Nos. 53701, 53702. Submitted September 14, 1981, at Grand Rapids.—Decided October 19, 1981.

Ronnell Von Everett, while on probation for a breaking and entering conviction, pled guilty in Calhoun Circuit Court to a charge of attempted uttering and publishing a forged instrument, and, in a separate proceeding on the same day, to violating two conditions of his probation. He was sentenced on both the uttering and publishing conviction and for the probation violation in a single proceeding, Stanley Everett, J. Defendant appeals from both the conviction and the finding of probation violation, contending that the pleas were made in return for the prosecutor's promise not to file a habitual offender information against him and that this bargain was illusory because the prosecutor had not filed the supplemental information at the time the uttering and publishing information was filed. Defendant also contends that, if the conviction and the finding of probation violation are affirmed, he is entitled to resentencing because the sentencing judge held separate sentencing conferences with the prosecutor and the defense attorney. Defendant was not present at the conference with the defense attorney and neither he nor his attorney was present at the conference with the prosecutor. The two appeals have been consolidated. *Held:*

1. A prosecutor who knows of a defendant's prior convictions and desires to charge the defendant as a habitual offender must file a supplemnental information promptly. At the time the prosecutor entered into plea negotiations in this case, defendant was still a potential subject for supplementation. The

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 481.
  39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 18.
  63 Am Jur 2d, Prosecuting Attorneys § 27.
[2] 21 Am Jur 2d Criminal Law § 529.
  21A Am Jur 2d, Criminal Law § 695.
[3] 21 Am Jur 2d, Criminal Law § 530.
  21A Am Jur 2d, Criminal Law § 746.

agreement to forego filing habitual offender charges was not illusory.

2. Defendant has not shown that he was prejudiced by his own absence when the sentencing judge conferred with his attorney and there is no reason to assume that defense counsel prejudiced defendant during the conference.

3. Error occurred when neither the defendant nor his attorney was present during the judge's conference with the prosecutor. The private conference between the sentencing judge and the prosecutor violated defendant's right to counsel.

Defendant's convictions are affirmed and the case is remanded for resentencing.

1. CRIMINAL LAW — HABITUAL OFFENDERS — PLEA NEGOTIATIONS.

A prosecutor who knows a person has a prior felony record must proceed promptly, if at all, against the person as a habitual offender and, so long as the person is a potential subject for supplementation at the time the prosecutor enters into plea negotiations with him, an agreement to forego filing habitual offender charges is not illusory.

2. CRIMINAL LAW — SENTENCING — DEFENDANT NOT PERSONALLY PRESENT.

A criminal defendant, absent a showing of prejudice, is not entitled to resentencing on the ground that he was not personally present during a sentencing conference between the sentencing judge and defense counsel.

3. CRIMINAL LAW — SENTENCING — RIGHT TO COUNSEL — PRIVATE CONFERENCE.

A criminal defendant was denied his right to counsel where the prosecutor was permitted to confer privately in chambers with the sentencing judge without the defendant or his attorney being present.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Michael J. Berezowsky,* Assistant Prosecuting Attorney, for the people.

*Lynn Chard,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. B. BURNS, P.J., and T. M. BURNS and ALLEN, JJ.

PER CURIAM. Defendant pleaded guilty to attempted uttering and publishing a forged instrument, MCL 750.92, 750.249; MSA 28.287, 28.446, and, in a separate proceeding on the same day, to violating two conditions of his probation, MCL 771.4; MSA 28.1134. He was sentenced on both convictions in a single proceeding, receiving a sentence of two and one-half years in prison on the uttering and publishing conviction and 5 to 15 years for breaking and entering, the offense for which he had been placed on probation. He appealed by right. The uttering and publishing conviction is now Court of Appeals No. 53702, and the probation violation conviction is No. 53701, and the two cases have been consolidated.

Defendant first argues that his guilty plea to uttering and publishing in case No. 53702 was illusory. The plea was made in return for the prosecutor's promise not to file a supplemental information. Defendant argues that the prosecutor had not filed the supplemental information when the information charging uttering and publishing was filed, so under the rule of *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), he was barred from filing the supplemental information and an agreement not to file was meaningless. We do not agree. While *Fountain* suggested that a prosecutor knowing of a defendant's prior conviction should file a supplemental information at the same time the information on the latest offense is filed, the holding in *Fountain* was more limited. A prosecutor must file the supplemental information promptly, *People v Young,* 410 Mich 363, 366; 301 NW2d 803 (1981). At the time the prosecutor entered plea negotiations in this case, defendant

was a potential subject for supplementation. The agreement to forego filing habitual offender charges was therefore not illusory. *People v Hutcherson,* 96 Mich App 365, 370; 292 NW2d 466 (1980).

Defendant also argues that he is entitled to a resentencing when he did not personally participate in the in-chambers sentencing conferences and when his attorney was not present when the sentencing judge conferred with the prosecutor. Defendant has not shown on the record that he was prejudiced by his own absence when the sentencing judge conferred with his attorney, and we see no reason to assume that defendant's counsel prejudiced his client during the conference. We do, however, find that error occurred when neither the defendant nor his attorney was present during the judge's discussion with the prosecutor.

We believe that defendant had a right at least to have his attorney present at the sentencing conference. The Supreme Court recently underscored the importance of the defendant's presence at that stage of the proceedings. In *People v Pulley,* 411 Mich 523; 309 NW2d 170 (1981), the Court proposed a rule that a defendant is entitled to be present at the conference to protect a meaningful right of allocution and to assure the appearance of fairness. In the cases at bar, the defendant not only was personally absent from the discussion, his representative also was excluded. The danger of prejudice in this situation is even greater than that presented in *Pulley.*

In *Pulley,* the Court declined to reverse, absent a showing of prejudice on the record. Had defendant's attorney been present at the conference, he could seek to establish a record of what occurred there. Here, however, defendant is unable to determine what transpired in the judge's chambers, so

he and his attorney were not alerted to any questionable allegations. We therefore decline to require a showing of prejudice on the record in this case.

We also believe that the separate conferences deprived defendant of his right to counsel. In *People v Oliver,* 90 Mich App 144; 282 NW2d 262 (1979), *rev'd on other grounds* 407 Mich 857 (1979), this Court held that a presentence conference between the judge and the probation officer who prepared the presentence report, held without defendant or his attorney being present, violated defendant's right to counsel at a critical stage of the proceedings. The Court observed that such a practice allowed inaccurate information to creep into the proceedings, as a defendant would be unable to rebut information conveyed privately to the judge. In *People v Beal,* 104 Mich App 159; 304 NW2d 513 (1981), this holding was limited to situations where a trial judge was given information that was not equally available to the defendant. *Oliver* and *Beal* involved private conferences between a judge and a presentence investigator.

We believe that an even greater danger of prejudice exists when the prosecutor is permitted to confer privately in chambers with the sentencing judge. The prosecutor, unlike a presentence investigator, plays an adversarial role in the judicial system. Moreover, he may have information about a defendant's links to other crimes that might not be available to a presentence investigator. The danger of prejudice is great. Accordingly, we hold that a sentencing judge's private conference with the prosecutor in this case violated the defendant's right to counsel.

Defendant's convictions are affirmed. The case is remanded for resentencing.