## PEOPLE v CRAWFORD

Docket Nos. 59560, 59660. Submitted March 10, 1982, at Detroit.— Decided April 22, 1982.

Alvin L. Crawford pled guilty in separate cases to charges of armed robbery (Docket No. 59560) and attempted receiving or concealing stolen property over the value of $100 (Docket No. 59660), Detroit Recorder's Court, Vera Massey Jones, J. Defendant appeals alleging error in the failure to advise him of the mandatory minimum sentence for armed robbery and that armed robbery is a nonprobationable offense. Defendant also alleges erroneous *ex parte* communications between the trial court and presentence investigator. The Court of Appeals consolidated the appeals. *Held:*

1. The failure to advise defendant that armed robbery is a nonprobationable offense was reversible error.

2. While not resolving the issue, the Court would urge trial courts to advise defendants that the maximum sentence for armed robbery is life and the minimum is any term of years.

3. The facts rebut the presumption of prejudice which arose when the trial court held *ex parte* communications with the presentence investigator.

Defendant's armed robbery conviction is reversed and the conviction for attempted receiving or concealing stolen property over the value of $100 is affirmed.

1. CRIMINAL LAW — PLEADING — COURT RULES.

A defendant pleading guilty to armed robbery must be informed that he cannot be placed on probation; failure to do so prior to accepting the plea is reversible error (GCR 1963, 785.7[1][f]).

2. CRIMINAL LAW — SENTENCING — EX PARTE CONVERSATIONS — PREJUDICE.

Reversal and remand for resentencing is not mandated by reason

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 477.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 21 Am Jur 2d, Criminal Law § 922.

of an *ex parte* conversation between the trial judge and a presentence investigator where the rebuttable presumption of prejudice arising from such a conversation is rebutted by the facts of the case.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Jeffrey W. Caminsky,* Assistant Prosecuting Attorney, for the people.

*Elizabeth L. Jacobs,* in Docket No. 59560, and *Frank Singer,* in Docket No. 59660, for defendant on appeal.

Before: D. C. RILEY, P.J., and R. B. BURNS and S. EVERETT,* JJ.

D. C. RILEY, P.J. Defendant pled guilty in separate cases to charges of armed robbery, MCL 750.529; MSA 28.797, and attempted receiving or concealing stolen property over the value of $100, MCL 750.92; MSA 28.287. He was sentenced on the armed robbery conviction to a term of three and one-half to ten years imprisonment. The sentence on the attempt conviction was to a concurrent term of one to two and one-half years imprisonment.

The armed robbery conviction is challenged first on the basis that the trial court failed to advise defendant of the mandatory minimum sentence for armed robbery in accordance with GCR 1963, 785.7(1)(d) and that armed robbery is a nonprobationable offense in accordance with GCR 1963, 785.7(1)((f).

The trial court's failure to advise defendant that armed robbery is a nonprobationable offense re-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

quires reversal. Recently, the Supreme Court decided *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982). In that case Rogers had pled guilty to second-degree murder and possession of a firearm during the commission of a felony. The trial court failed to advise Rogers, as required by Rule 785.7(1)(f). The Supreme Court noted the conflicting positions this Court has taken on whether noncompliance with Rule 785.7(1)(f) requires reversal. The Court then held that noncompliance with subsection (f) requires reversal and apparently always has. Therefore, defendant Crawford's armed robbery conviction must be reversed.

The remaining issues raised by defendant merit comment. Whether armed robbery has a mandatory minimum sentence, and if so, what that minimum period of incarceration is, are questions which have divided this Court. See *People v West,* 113 Mich App 1; 317 NW2d 261 (1982). These questions need not be resolved in this case. However, in light of the dilemma posed for the trial courts, we would urge that defendants be advised that the maximum sentence for armed robbery is life imprisonment and the minimum sentence is any term of years, which some courts have interpreted to mean that the defendant must serve at least one year and one day. This advice would inform the defendant and hopefully satisfy the varied dictates of this Court.

Crawford also challenges the armed robbery and attempt convictions on the basis of the trial court's *ex parte* communication with the presentence investigator. Defendant entered his plea to armed robbery on May 12, 1981. He then was referred to the probation department for a presentence report. The court granted a continuance from May 27, 1981, to June 5, 1981, because the presentence report was not accurate.

On June 5, 1981, the defendant was sentenced on the armed robbery charge and he then entered his plea to the attempt charge and was sentenced on that charge. At the start of the June 5th proceedings, the court stated:

"*The Court:* Counsel, we were here before for a sentencing, at which time you had read the presentence report, gone over it with your client and then you informed me of certain inaccuracies, alleged inaccuracies in this presentence report. One of the most important dealt with a Youthful Trainee that the presentence report showed there had been. If I remember what the presentence report said, they allege that it was revoked and that he was actually sentenced.

\*    \*    \*

"We have Mr. Michael Donohue here. Now, Mr. Michael Donohue was the investigator from the probation department who prepared the last presentence report. *I had him in chambers, I pointed out that inaccuracy. There was also a question as far as AWOL from the service and how he was actually terminated from the service. Then there was the question of his employment.*
"We are here for a hearing today to determine the factualness of those allegations. Swear Mr. Donohue." (Emphasis added.)

Defendant contends that the emphasized section above indicates an *ex parte* communication between the presentence investigator and the trial court which denied him effective assistance of counsel at a critical stage in the criminal proceedings.

In *People v Black,* 103 Mich App 109, 115; 302 NW2d 612 (1981), this Court stated:

"Whether the trial judge actually received information not contained in the presentence report is irrele-

vant in our opinion. Sentencing is a critical stage in a criminal proceeding at which a defendant is entitled to assistance of counsel. Where the trial court has communicated with the probation officer *ex parte,* we must presume that this right has been denied." (Citations omitted.)

This writer concurred in *Black* and interprets it to mean that, when a trial court holds an *ex parte* conversation with a presentence investigator, there is a rebuttable presumption of prejudice to defendant that, if not rebutted, requires reversal.

The trial court in *Black* spoke with the presentence investigator on two separate occasions regarding the presentence report's recommendation for delayed sentencing. Following a telephone conversation between the trial court and the investigator, they met in chambers at which time the presentence report was discussed. Both conversations were initiated by the court and were not, as is true in this case, the result of allegations of error in the presentence report made by the defendant.

The trial court in this case, after the defendant pointed out specific errors in the presentence report, contacted the presentence investigator. Their conversation did not delve into sentence recommendations but was limited to pointing out the inaccuracies. The presentence investigator, in open court, explained the alleged inaccuracies. The facts of this case rebut the presumption of prejudice, therefore, reversal is not required on this issue.

Defendant's conviction for armed robbery is reversed and the conviction for attempted receiving or concealing stolen property over the value of $100 is affirmed.