PEOPLE v VROMAN

Docket No. 77258. Submitted May 16, 1985, at Detroit.—Decided September 18, 1985.

Morris Bud Vroman was convicted on his plea of guilty of breaking and entering an occupied dwelling in Wayne Circuit Court. The circuit court, Robert J. Colombo, Jr., J., sentenced defendant to from 10 to 15 years in prison. Defendant appealed his sentence. *Held:*

1. Defendant was denied his right to effective assistance of counsel when the sentencing judge engaged in conversation with two police officers, who conveyed information regarding defendant, on the day before sentencing outside the presence of defense counsel.

2. The sentencing judge did not err by considering a psychiatric report on the defendant in imposing the sentence. The propriety of the report was not objected to at sentencing or by a motion to vacate the sentence, thereby precluding appellate review. Furthermore, psychiatric evaluation is not an adversarial proceeding requiring the presence of defense counsel but a diagnostic procedure to which the privilege against self-incrimination does not apply.

Sentence vacated and case remanded for resentencing by a different judge.

1. CRIMINAL LAW — SENTENCING — RIGHT TO COUNSEL.

A defendant whose counsel is not given an opportunity to represent the defendant at a sentencing conference is rebuttably presumed to have been denied effective assistance of counsel; if the presumption is not rebutted by the facts of the case,

REFERENCES

Am Jur 2d, Criminal Law §§ 527 *et seq.*

Court's presentence inquiry as to, or consideration of, accused's intention to appeal as error. 64 ALR3d 1226.

Defendant's right to disclosure of presentence reports. 40 ALR3d 681.

Absence of counsel for accused at time of sentence as requiring vacation thereof or other relief. 20 ALR2d 1240.

See also the annotations in the ALR3d/4th Quick Index under Sentence and Punishment.

including the fact that the information which was divulged was available to defendant, then resentencing is required.

2. CRIMINAL LAW — SENTENCING — EX PARTE CONVERSATIONS.

Ex parte discussions between a sentencing judge and police officers regarding a defendant's sentence invite prejudice and cannot be condoned by the Court; a police officer is not a resource person available to a court for consultation in sentencing.

3. CRIMINAL LAW — SENTENCING — PSYCHIATRIC EVALUATION — RIGHT TO COUNSEL.

A psychiatric evaluation of a defendant is not an adversarial proceeding requiring the presence of defense counsel; it is a diagnostic procedure to which the privilege against self-incrimination does not apply; a sentencing judge may properly consider a report on the psychiatric evaluation of a defendant when imposing a sentence.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Edward Reilly Wilson*, Deputy Chief, Civil and Appeals, *Carolyn Schmidt*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan J. Smith)*, for defendant on appeal.

Before: M. J. KELLY, P.J., and MACKENZIE and N. J. KAUFMAN,* JJ.

PER CURIAM. After pleading guilty as charged to breaking and entering an occupied dwelling, MCL 750.110; MSA 28.305, defendant was sentenced to 10 to 15 years' imprisonment. He appeals his sentence as of right.

At defendant's sentencing, the trial judge indicated that he had engaged in an ex parte conversation with two police officers the day before sentencing.

* Retired Court of Appeals Judge, sitting on the Court of Appeals by assignment.

*"The Court:* I just want to indicate a couple of things on the record. Then I will give you an opportunity to speak on behalf of your client, as I will Mr. Vroman.

"First, I want to indicate that yesterday Sergeant Bunch and Sergeant Law of the Dearborn Police Department came to see me. They indicated they wanted to make certain that I knew a couple of things about Mr. Vroman, and I want that on the record. I will give you an opportunity to contest them, and if they are improper I won't consider them. But I think you should know about them.

"They indicated that Mr. Vroman was charged with CSC as a juvenile. In fact, that is indicated in the presentence report. They also indicated a belief that Mr. Vroman is involved in a number of breaking and enterings in his neighborhood. They indicated to me that he, his brother and his father have a Detroit Free Press route, and that since he has been arrested on the last breaking and entering there has been a noticeable decline in breaking and enterings in the neighborhood.

"I think it is appropriate for officers involved in a case to come and discuss it with me, and whatever they know I think is important for me to know in terms of sentencing. But I want you to have an opportunity to respond to that.

"I should indicate that I am not going to consider their claims with respect to the fact that B & E's have decreased. There is absolutely no way you could respond to that. But it was said to me, and I want you to know about that."

Defendant's initial contention is that he should be resentenced because he was denied effective assistance of counsel when the sentencing judge discussed the case with the officers outside the presence of defendant's attorney. We agree.

In *People v Oliver,* 90 Mich App 144; 282 NW2d 262 (1979), *rev'd on other grounds* 407 Mich 857; 283 NW2d 502 (1979), the sentencing judge met with a probation officer in the absence of defendant or defense counsel. This Court stated:

"Defendants are entitled to the assistance of counsel at those stages of criminal proceedings at which substantial rights may be affected. Sentencing is one such proceeding. *Mempa v Rhay,* 389 US 128; 88 S Ct 254; 19 L Ed 2d 336 (1967). Counsel is needed to present to the court extenuating facts, explain conduct, correct errors in reports of defendants' past conduct, and appeal to the equity of the court. *People v Dye,* 6 Mich App 217, 219; 148 NW2d 501, 502 (1967). Our Supreme Court has commented on the critical need for accurate facts as a basis for sentencing, and the consequent need for a procedure to allow defendants to rebut inaccurate information. *People v Malkowski,* 385 Mich 244, 249; 188 NW2d 559, 562 (1971). Where, as here, the trial court obtains information about a defendant, not equally available to the defendant's counsel, there is no opportunity for effective rebuttal, and inaccurate information may creep into the proceedings. Whether the trial court's conference with the probation officer is viewed as a part of the sentencing proceeding at which counsel was excluded, or a separate proceeding, it was a critical stage at which substantial rights of defendant may have been affected." 90 Mich App 149-150. (Footnote omitted.)

In *People v Black,* 103 Mich App 109; 302 NW2d 612 (1981), a majority of the panel concluded that the defendant was presumed to have been denied effective assistance of counsel where the sentencing judge held an ex parte discussion with a probation officer, irrespective of whether the judge actually received during such discussion any information not contained in the presentence report. The holding in *Black* was subsequently limited in *People v Crawford,* 115 Mich App 516; 321 NW2d 717 (1982), and *People v Beal,* 104 Mich App 159; 304 NW2d 513 (1981). In *Crawford, supra,* the presumption of prejudice enunciated in *Black* was held to be rebuttable. In *Beal,* this Court concluded that "*Oliver* should be limited to prohibiting any presentence conference where the sentenc-

ing judge is given 'information about a defendant, not equally available to the defendant's counsel * * *' ". 104 Mich App 159, 167.

Taken together *Oliver, Black, Crawford,* and *Beal* stand for the proposition that a defendant whose counsel is not given an opportunity to represent the defendant at a sentencing conference is rebuttably presumed to have been denied effective assistance of counsel. If the presumption is not rebutted by the facts of the case, including the fact that the information discussed in the conference was available to defendant, then resentencing is required. See also *People v Jeffrey Thompson,* 117 Mich App 210; 323 NW2d 656 (1982), *lv gtd* 418 Mich 946 (1984). It is important to note, however, that those cases all involved discussions between a judge and a probation officer acting as presentence investigator.

In *People v Von Everett,* 110 Mich App 393; 313 NW2d 130 (1981), a sentencing conference took place between the sentencing judge and the prosecutor without the presence of the defense attorney. This Court held that the defendant had "a right at least to have his attorney present at the sentencing conference", and that prejudice would be presumed since without defense counsel it could not be determined what actually transpired in the judge's chambers. *Von Everett, supra,* pp 396-397. Citing *Oliver* and *Beal,* the Court further held that the ex parte conference deprived defendant of his right to counsel. This Court observed:

"We believe that an even greater danger of prejudice exists when the prosecutor is permitted to confer privately in chambers with the sentencing judge. The prosecutor, unlike a presentence investigator, plays an adversarial role in the judicial system. Moreover, he may have information about a defendant's links to other crimes that might not be available to a presen-

tence investigator. The danger of prejudice is great. Accordingly, we hold that a sentencing judge's private conference with the prosecutor in this case violated the defendant's right to counsel." *Von Everett, supra,* p 397. *Cf. People v Sexton,* 113 Mich App 145; 317 NW2d 323 (1982).

We find the reasoning of *Von Everett* to be dispositive of this case. Even more so than in *Von Everett,* the conference at issue in the instant case was with persons in an adversarial role in the proceedings. Those persons not only "may have information about a defendant's links to other crimes that might not be available to a presentence investigator", *Von Everett, supra,* p 397, but were apparently impelled to contact the judge because they believed they possessed such information. We realize that the information conveyed by the officers was either contained in the presentence report or was not considered by the court when imposing sentence. Nevertheless, we cannot condone ex parte discussions between the sentencing judge and police officers regarding a defendant's sentence. The situation invites prejudice. A police officer is not a resource person available to the court for consultation in sentencing. To place our imprimatur on such discussions is to invite information which defendant could not rebut "to creep into the proceedings", *Oliver, supra,* p 150, as the sentencing judge in this case recognized. Accordingly, we remand for resentencing before another judge.

Defendant also argues that the sentencing judge erred in imposing sentence by considering a psychiatric report prepared by the Recorder's Court Psychiatric Clinic. Defendant contends that the report could not be used for sentencing purposes because he was not informed before he submitted

to psychiatric evaluation of his right to remain silent and that information he gave to the clinic could be used against him at sentencing.

We initially note that the propriety of the report was not objected to at sentencing or by motion to vacate sentence. In fact, the contents of the report were relied on by defense counsel in urging a lenient sentence. This precludes appellate review of the issue. See, *e.g., People v Hart,* 129 Mich App 669; 341 NW2d 864 (1983), *lv den* 419 Mich 860 (1984). However, because we remand for resentencing, we register our disagreement with defendant's contention. As opposed to a sentencing conference, a defendant's presentence interview is not an adversarial proceeding, but a diagnostic and rehabilitative procedure. Accordingly, the right against self-incrimination or to have counsel present does not attach. *People v Shively,* 45 Mich App 658; 206 NW2d 808 (1973), *People v Burton,* 44 Mich App 732; 205 NW2d 873 (1973), *lv den* 389 Mich 795 (1973). Likewise, psychiatric evaluation is a diagnostic procedure to which we believe the privilege against self-incrimination is not applicable. The purpose of the privilege is to assure that no one will be convicted upon his own coerced confession. *Burton, supra,* p 735, citing *Malloy v Hogan,* 378 US 1; 84 S Ct 1489; 12 L Ed 2d 653 (1964), and *Murphy v Waterfront Comm of New York Harbor,* 378 US 52; 84 S Ct 1594; 12 L Ed 2d 678 (1964). We do not believe that the privilege should be extended to clinical interviews which take place after a guilty plea has been entered and which have a purpose quite different from the determination of guilt. We therefore conclude that the results of the psychiatric report may be considered by the judge when imposing sentence.

Vacated and remanded for further proceedings consistent with this opinion.